## PEOPLE v WHALEN

Docket No. 67157. Decided November 23, 1981. On application by the people for leave to appeal the Supreme Court, in lieu of granting leave to appeal, reversed the order of the trial court and reinstated the defendant's original sentences.

John J. Whalen was convicted by a jury in Lenawee Circuit Court, Rex B. Martin, J., of breaking and entering an occupied dwelling and of larceny in a building. He was sentenced to 6 years and 8 months to 10 years imprisonment for breaking and entering, and 2 years and 8 months to 4 years for larceny. The defendant filed delayed motions for a new trial and resentencing, claiming that he was entitled to relief because agents of the FBI had previously promised him that he would not serve time in prison for his state convictions if he worked for them as an informant. By the time the improper promises came to the attention of the agents' supervisors, the defendant had worked for several years as an informant and had been convicted and sentenced on the state charges. After an evidentiary hearing, the Lenawee Circuit Court, Stanley Everett, J., declared that the defendant's sentences were invalid because they failed to take into account the promises of the FBI agents, and resentenced the defendant to five years of probation. The Court of Appeals, Beasley, P.J., and Bashara and MacKenzie, JJ., affirmed in an unpublished per curiam opinion (Docket No. 51377). The people apply for leave to appeal. *Held:*

A trial court cannot set aside a valid sentence and impose a new one; to do so would infringe on the exclusive power of the Governor under the constitution to commute sentences. A court's authority to resentence depends, therefore, on whether the previously imposed sentence is invalid. The trial court in this case did not declare the sentences invalid on any recognized ground, but relied on the fact that the promises had been made and the belief that they should be kept. No public policy of the state justifies declaring the sentences invalid on the ground stated. No claim is made that the defendant was sentenced on inaccurate information. The existence of unenforceable promises made by FBI agents to a criminal defendant

does not provide a justification for declaring a valid sentence invalid.

The order of the trial court is reversed, and the defendant's original sentences are reinstated.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *John A. Wilson* and *A. Michael Leffler,* Assistants Attorney General, for the people.

*Frank J. Ragen* for defendant.

PER CURIAM. The issue presented is whether the trial court erred in vacating a lawfully imposed sentence and in resentencing the defendant because of the existence of unenforceable promises made to the defendant by federal authorities.

I

The defendant in this case was originally convicted in Lenawee Circuit Court in 1970 of breaking and entering an occupied dwelling and larceny in a building. This Court reversed the convictions in 1973.[1] In 1974, defendant was retried, reconvicted and resentenced to 6 years and 8 months to 10 years imprisonment on the breaking and entering conviction and 2 years and 8 months to 4 years on the larceny conviction. The convictions were affirmed by the Court of Appeals[2] and this Court denied leave to appeal.[3]

In 1979 defendant filed delayed motions for new trial and resentencing in Lenawee Circuit Court,

[1] *People v Whalen,* 390 Mich 672; 213 NW2d 116 (1973).

[2] *People v Whalen,* 65 Mich App 687; 238 NW2d 376 (1975).

[3] *People v Whalen,* 395 Mich 827 (1976).

claiming, for the first time in a Michigan court,[4] that he was entitled to have the state convictions or sentences vacated because of unkept promises made to him by FBI agents relating to his state convictions.

At an evidentiary hearing witnesses verified that FBI agents had indeed promised defendant that he "would do no time" for his Michigan convictions if he provided informant services, and that the defendant did provide such services between 1971 and 1975. Testimony also established that because of ongoing investigations, the defendant was instructed to tell no one of the agreement, including the attorney who represented him on the state charges and the trial judge. Consequently, at the time defendant was tried and sentenced, neither defense counsel nor the trial judge was aware of the promises. FBI authorities acknowledged that the promises that had been made were unenforceable and should not have been made; however, by the time the improper promises came to the attention of FBI supervisors, the defendant had supplied several years of informant services and been convicted and sentenced on the state charges.

At the conclusion of the evidentiary hearing, the trial court declared defendant's prior sentences invalid "because it failed to take into account the promises which were made which I feel have to be fulfilled". After vacating the sentences, the trial court resentenced the defendant to five years probation.

---

[4] Following imposition of the state sentences, the defendant was turned over to federal authorities pursuant to an agreement between the United States Bureau of Prisons and the Michigan Department of Corrections, and he was ultimately placed in a federal correctional facility in California. While there, defendant challenged his state convictions and sentences in the federal courts, without success.

The prosecution appealed, seeking reinstatement of the defendant's sentences, but the Court of Appeals affirmed in an unpublished per curiam opinion, finding no clear error or abuse of discretion.

We reverse because we find that the trial court exceeded its authority in vacating valid sentences.

## II

In Michigan, a trial court's authority to resentence a defendant is limited. In *People v Fox,* 312 Mich 577, 582; 20 NW2d 732 (1945), this Court held that a trial court is without authority to set aside a valid sentence and impose a new one, because to do so "would infringe upon the exclusive power of the governor under the Constitution to commute sentence".[5]

A court's authority to resentence depends, therefore, on whether the previously imposed sentence is invalid. Clearly a sentence beyond statutory limits is invalid.[6] A sentence within statutory limits may also be invalid on a number of grounds. It is invalid if the sentencing court relies on constitutionally impermissible considerations, such as the defendant's constitutionally infirm prior convictions,[7] or improperly assumes a defendant's guilt

---

[5] Although the *Fox* case was construing Const 1908, art 6, § 9, we have held that the similar provision in Const 1963, art 5, § 14, is subject to a comparable interpretation, *People v Joseph,* 384 Mich 24, 33; 179 NW2d 383 (1970). The current provision states:

"The governor shall have power to grant reprieves, commutations and pardons after convictions for all offenses, except cases of impeachment, upon such conditions and limitations as he may direct, subject to procedures and regulations prescribed by law. He shall inform the legislature annually of each reprieve, commutation and pardon granted, stating reasons therefor."

[6] *People v Baum,* 251 Mich 187; 231 NW 95 (1930).

[7] *United States v Tucker,* 404 US 443; 92 S Ct 589; 30 L Ed 2d 592 (1972); *People v Moore,* 391 Mich 426; 216 NW2d 770 (1974).

of a charge which has not yet come to trial,[8] or the court fails to exercise its discretion because it is laboring under a misconception of the law,[9] or conforms the sentence to a local sentencing policy rather than imposing an individualized sentence.[10] More recently, this Court has held invalid sentences which do not comply with essential procedural requirements such as failure to utilize a "reasonably updated" presentence report[11] or to provide the defendant and his counsel with the opportunity to address the court before sentence is imposed.[12]

The trial court in the instant case did not declare the defendant's prior sentences invalid on any recognized ground. Rather, the court premised its holding on the fact that the sentences imposed did not take into account the promises that had been made to the defendant, and on the belief that the promises should be kept.

However, no public policy of the state justifies declaring this defendant's sentences invalid. No claim is made that the defendant was sentenced on the basis of inaccurate information. And although information pertaining to the promises was kept from the Michigan authorities, the existence of unenforceable promises made by FBI agents to a criminal defendant does not provide a justifiable basis for declaring a valid sentence invalid, and thus infringing on the exclusive power of the governor to commute sentences.

Accordingly, pursuant to GCR 1963, 853.2(4), in lieu of granting leave to appeal, we reverse the

[8] *People v Grimmett,* 388 Mich 590; 202 NW2d 278 (1972).

[9] *People v Mauch,* 23 Mich App 723; 179 NW2d 184 (1970); *People v Daniels,* 69 Mich App 345; 244 NW2d 472 (1976).

[10] *People v Chapa,* 407 Mich 309; 284 NW2d 340 (1979).

[11] *People v Triplett,* 407 Mich 510; 287 NW2d 165 (1980).

[12] *People v Berry,* 409 Mich 774; 298 NW2d 434 (1980).

trial court's order which granted defendant's motion for resentencing, vacated defendant's sentences and imposed a new sentence; and we order defendant's original sentences reinstated.

COLEMAN, C.J., and KAVANAGH, WILLIAMS, LEVIN, FITZGERALD, RYAN, and BLAIR MOODY, JR., JJ., concurred.