PEOPLE v LEWIS

Docket No. 69583. Submitted September 9, 1983, at Detroit.—Decided October 12, 1983.

Melvin Lewis was convicted on his plea of guilty in Recorder's Court of Detroit, Warfield Moore, Jr., J., of armed robbery and felony-firearm. Defendant appealed. The Court of Appeals affirmed the armed robbery conviction and, with respect to the felony-firearm conviction, remanded to the trial court to give the prosecution the opportunity to establish the necessary factual basis for aiding and abetting in the use of the firearm during the robbery. [Docket No. 59588, memorandum opinion of November 15, 1982.] The prosecution was unable to establish the necessary factual basis. The trial court dismissed the felony-firearm count. The prosecution moved for resentencing on the armed robbery count, arguing that the sentence on that count had been tailored to accommodate the mandatory two-year sentence on the felony-firearm count. The trial court agreed with the prosecution, holding that the court had set the sentencing on the armed robbery to take into account the mandatory two-year felony-firearm sentence. The trial court set aside the original sentence on the armed robbery count and imposed a new sentence on that count which was two years longer. Defendant appeals. *Held:*

The original sentence on the armed robbery count, even though made on the mistaken belief that there was a valid felony-firearm conviction and sentence, was a valid sentence. The trial court, accordingly, was without power to set aside that sentence and impose a new sentence.

Second sentence vacated and original sentence reinstated.

CRIMINAL LAW — SENTENCING — VACATION OF SENTENCES — RESENTENCING.

A trial court is without power to set aside a valid sentence and impose a new sentence; a sentence for armed robbery which is otherwise valid is not rendered invalid by the trial judge's

REFERENCE FOR POINTS IN HEADNOTE
21 Am Jur 2d, Criminal Law § 580.

belief that there will also be imposed the mandatory two-year felony-firearm sentence; it is error to set aside a sentence for armed robbery and impose a new sentence on that charge where the trial court, subsequent to sentencing, dismisses a felony-firearm conviction arising out of the armed robbery and vacates the mandatory sentence for the felony-firearm count.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Deputy Chief, Civil and Appeals, and *Rosemary A. Gordon,* Assistant Prosecuting Attorney, for the people.

*Rubin & Margolis* (by *Elliot D. Margolis),* for defendant on appeal.

Before: V. J. BRENNAN, P.J., and WAHLS and GRIBBS, JJ.

PER CURIAM. The defendant, Melvin Lewis, pled guilty to armed robbery, MCL 750.529; MSA 28.797, and felony-firearm, MCL 750.227b; MSA 28.424(2). When this case was first appealed in 1982, this Court remanded the felony-firearm issue under *People v Johnson,* 411 Mich 50; 303 NW2d 442 (1981), to allow the prosecutor an opportunity to show an adequate factual basis for aiding and abetting.

On remand the prosecutor was unable to meet his burden, and the trial court dismissed the felony-firearm count. The prosecutor then moved for resentencing on the armed robbery conviction, arguing that the sentence on that count had been tailored to accommodate the mandatory two-year sentence for felony-firearm. The court agreed with the prosecutor, ruling that it had originally operated under a misconception of the law regarding adequacy of proofs for the felony-firearm convic-

tion, and added two years to the armed robbery sentence.

The defendant now appeals, arguing that the court erred by resentencing him. We agree and amend the sentence to its original form.

The trial court is without power to set aside a valid sentence and impose a new one. *People v Whalen,* 412 Mich 166, 169; 312 NW2d 638 (1981). This case does not fall within any of the *Whalen* exceptions. Although the trial court was originally mistaken on the felony-firearm count, this did not taint the armed robbery conviction or sentence. Standing alone, the armed robbery sentence was valid, even though the sentencing judge would have preferred a more severe sentence. Felony-firearm is a separate and distinct offense from other simultaneous charges. *Wayne County Prosecutor v Recorder's Court Judge,* 406 Mich 374, 391; 280 NW2d 793, *app dis* 444 US 948; 100 S Ct 418; 62 L Ed 2d 317 (1979). Its sentence is intended to be cumulative to, and not a substitute for, sentences for other offenses. *Id.*

The second sentence is vacated and the original sentence, 16 months to 10 years, reinstated.