PEOPLE v POOL

Docket No. 109488. Submitted October 19, 1989, at Detroit. Decided
  November 15, 1989.

    Anthony L. Pool was charged with unarmed robbery and pled
      guilty in Recorder's Court of Detroit to larceny from a person
      pursuant to a plea agreement that his sentence would be a
      prison term of from three to ten years. At the sentencing hear
      neither the prosecution nor defendant raised the subject of the
      sentencing agreement. The trial court, Thomas J. Brennan, J.,
      sentenced defendant to a prison term of from 1½ to 10 years.
      The prosecution did not object to the sentence at the time of
      imposition; however, the prosecution moved to vacate the sen-
      tence about a month later, citing the sentencing agreement.
      The trial court vacated the sentence and sentenced defendant
      to a prison term of from three to ten years in accordance with
      the plea agreement. Defendant's motion to vacate the second
      sentence was denied. Defendant appealed.

      The Court of Appeals *held:*

      A trial court has authority to resentence a defendant only
      where the original sentence is invalid. The fact that defen-
      dant's first sentence was not in accord with the sentence
      agreement did not render it invalid. Accordingly, the trial court
      was without authority to set aside the original sentence and
      impose the second sentence.

      Sentence vacated and remanded for resentencing.

CRIMINAL LAW — SENTENCING — RESENTENCING — PLEA BARGAINS.

    A trial court has authority to resentence a defendant only where
      the sentence originally imposed is invalid; accordingly, a trial
      court may not set aside an otherwise valid sentence and impose
      a harsher sentence merely because the sentence originally
      imposed was not in accordance with a plea agreement made
      between the prosecutor and the defendant.

REFERENCES

Am Jur 2d, Criminal Law §§ 485, 581, 583.
Power of state court, during same term, to increase severity of
  lawful sentence—modern status. 26 ALR4th 905.

State Appellate Defender (by *Anne Yantus*), for defendant on appeal.

Before: MAHER, P.J., and MARILYN KELLY and H. E. DEMING,* JJ.

PER CURIAM. Defendant pled guilty to a reduced charge of larceny from a person, MCL 750.357; MSA 28.589. In exchange for the plea, the prosecutor dismissed the original unarmed robbery charge, MCL 750.530; MSA 28.798. The parties agreed to a sentence of three to ten years in prison.

The trial judge sentenced defendant to a prison term of 1½ to 10 years. He noted that defendant's record was not that bad and that he had a good relationship with his family. The prosecutor did not object to the sentence. Neither party raised the subject of the sentence agreement.

About a month later, the prosecutor moved to vacate the sentence. He argued that it was a violation of the sentence agreement. The judge acknowledged that he had made a mistake. He vacated the original sentence and resentenced defendant to three to ten years. He denied defendant's subsequent motion to vacate the second sentence.

On appeal defendant argues that the trial court did not have authority to resentence him. We agree.

A trial court's authority to resentence a defendant is limited. It depends on whether the previously imposed sentence is invalid. *People v Whalen*, 412 Mich 166, 169; 312 NW2d 638 (1981). We are unable to find any authority which holds that a sentence which does not follow the sentence

* Former circuit judge, sitting on the Court of Appeals by assignment.

agreement is invalid. Even where there is a sentence agreement, the trial court is not bound by it and must still exercise discretion when imposing sentence. *People v Killebrew,* 416 Mich 189; 330 NW2d 834 (1982). Since defendant's original sentence was valid, the trial court did not have authority to resentence him.

Accordingly, we vacate defendant's sentence and remand for reinstatement of his original sentence of 1½ to 10 years in prison.