PEOPLE v CADE (AFTER REMAND)

Docket No. 148946. Submitted June 17, 1993, at Detroit. Decided
September 8, 1993, at 9:00 A.M. Leave to appeal sought.

Stephen T. Cade pleaded guilty in the Genesee Circuit Court,
Robert M. Ransom, J., of second-degree criminal sexual conduct
and was sentenced to ten to fifteen years' imprisonment, a
significant departure from the sentencing guidelines' recom-
mended range of three to five years. He appealed, and the
Court of Appeals, BRENNAN, P.J., and MURPHY and CAVANAGH,
JJ., affirmed in an unpublished memorandum opinion, decided
December 28, 1989 (Docket No. 114687). The Supreme Court, in
lieu of granting leave to appeal, remanded the case to the
Court of Appeals for reconsideration in light of *People v Milb-
ourn,* 435 Mich 630 (1990). 437 Mich 861 (1990). On remand,
the Court of Appeals, DANHOF, C.J., and HOLBROOK, JR., and
WAHLS, JJ., in an unpublished memorandum opinion, decided
January 18, 1991 (Docket No. 135021), vacated the defendant's
sentence and remanded the case to the trial court for resen-
tencing, because the sentence represented a substantial depar-
ture from the guidelines' recommendation and was imposed
without the benefit of *Milbourn.* On remand, the trial court
imposed the same sentence. The defendant appealed.

After remand, the Court of Appeals *held:*

1. A court's authority to resentence a defendant depends on
whether the previously imposed sentence is valid. Even courts
of appeal are without the authority to set aside a valid sen-
tence. A sentence must be found disproportionate, or otherwise
invalid, before an appellate court can overturn it.

2. No finding of invalidity was made by the Court of Appeals
when, without expressing a view regarding the proportionality
of the defendant's sentence, the Court vacated the sentence and
remanded for resentencing. This was improper. The intent was
to give the trial court the opportunity to reconsider the sen-
tence in light of *Milbourn.*

3. The sentence is proportionate.

Affirmed.

*Frank J. Kelley,* Attorney General, *Thomas L.*

*Casey,* Solicitor General, *Arthur A. Busch,* Prosecuting Attorney, *Donald A. Kuebler,* Chief, Appellate Division, and *Morris R. Kent,* Assisant Prosecuting Attorney, for the people.

*Herb Jordan,* for the defendant on appeal.

AFTER REMAND

Before: WAHLS, P.J., and CAVANAGH and GRIFFIN, JJ.

PER CURIAM. Although originally charged with first-degree criminal sexual conduct, MCL 750.520b; MSA 28.788(2), defendant was allowed to plead guilty of criminal sexual conduct in the second degree. MCL 750.520c; MSA 28.788(3). In exchange for his guilty plea, the prosecution agreed to dismiss charges that were pending of carrying a concealed weapon, MCL 750.227; MSA 28.424, receiving and concealing stolen property, MCL 750.535; MSA 28.803, and possessing a firearm during the commission of a felony, MCL 750.227b; MSA 28.424(2). On August 16, 1988, defendant was sentenced to imprisonment for ten to fifteen years, a significant departure from the guidelines' recommended range of three to five years. As justification for the departure, the trial court cited the fact that defendant had terrorized the fourteen-year-old victim, locked her in his house, and then participated with another in her forcible rape.

On December 28, 1989, this Court affirmed defendant's sentence after determining that our consciences were not shocked by the sentence imposed. Unpublished memorandum opinion of the Court of Appeals, decided December 28, 1989 (Docket No. 114687). On November 16, 1990, the

Supreme Court, in lieu of granting leave to appeal, remanded this case to the Court of Appeals for reconsideration in light of *People v Milbourn,* 435 Mich 630; 461 NW2d 1 (1990). 437 Mich 861 (1990). On remand, we vacated defendant's sentence and remanded to the trial court for resentencing because the sentence represented a substantial departure from the guidelines' recommendation and was imposed without the benefit of *Milbourn.* Unpublished memorandum opinion of the Court of Appeals, decided Janauary 18, 1991 (Docket No. 135021). On remand the trial court imposed the same sentence that defendant originally received, ten to fifteen years.

In this appeal, brought as of right, defendant claims that the trial court erred in resentencing him to the same sentence after this Court expressed its view that that sentence violated the *Milbourn* standard. According to defendant, by imposing the same sentence, the trial court openly defied our directive to impose a sentence consistent with the standard of proportionality. Defendant also claims that his sentence is disproportionate. We disagree and affirm.

It is well-settled law in this state that a court's authority to resentence a defendant depends on whether the previously imposed sentence is valid. *People v Whalen,* 412 Mich 166, 169; 312 NW2d 638 (1981). "[E]ven courts of appeal are without the authority to set aside a *valid* sentence; rather, the sentence must be found disproportionate, or otherwise invalid, before an appellate court can overturn it." *In re Dana Jenkins,* 438 Mich 364, 369, n 3; 475 NW2d 279 (1991).

In this case, we made no finding of invalidity. Without expressing a view regarding whether defendant's sentence was disproportionate, we vacated defendant's sentence and remanded for re-

sentencing. This was improper. Our intent was solely to give the sentencing court the opportunity to reconsider its sentencing decision in light of *Milbourn, supra,* an intent that has been more clearly expressed by our Supreme Court. See *People v Martin,* 440 Mich 868 (1992), and *People v Herron,* 440 Mich 868 (1992).

With respect to the proportionality of defendant's sentence, we have reviewed his criminal history and the record in this case, and are convinced that the sentence imposed is proportionate to the seriousness of the circumstances surrounding the offense and the offender. *Milbourn, supra,* p 636.

Affirmed.