PEOPLE v JEFFERSON (ON REMAND)

Docket No. 142617. Submitted November 19, 1992, at Detroit. Decided December 6, 1993, at 9:20 A.M. Leave to appeal sought.

Mary Jefferson pleaded guilty in the Recorder's Court of the City of Detroit, M. John Shamo, J., of delivery of more than 225 grams but less than 650 grams of a mixture containing cocaine pursuant to a plea agreement in which she agreed to a sentence of ten to thirty years and to assist authorities in the prosecution of others in exchange for the dropping of the original charge of delivery of more than 650 grams. The court, although aware of the agreement, sentenced the defendant to a term of five to thirty years, citing her cooperation with the authorities as a compelling reason for the lesser minimum sentence. The prosecution appealed, contending that it is entitled either to imposition of the sentence agreed upon by the parties or to be permitted to withdraw from the agreement. The Court of Appeals, Gillis, P.J., and Gribbs and Sullivan, JJ., reversed by an unpublished order of peremptory reversal, issued October 9, 1990 (Docket No. 129838). The Supreme Court, in lieu of granting leave to appeal, vacated the order and remanded the matter to the Court of Appeals for plenary consideration. 437 Mich 1034 (1991).

On remand, the Court of Appeals *held:*

*People v Siebert,* 201 Mich App 402 (1993), is controlling precedent under Administrative Order No. 1990-6 and requires the vacation of the defendant's sentence and the remand of the matter to the trial court to allow the prosecution the opportunity to withdraw from the plea agreement and to reinstate the original charge, unless the defendant decides to abide by the agreement and to be sentenced in accordance with the agreement.

Sentence vacated. Case remanded.

Doctoroff, C.J., concurring, stated that the sentence must be

REFERENCES

Am Jur 2d, Criminal Law §§ 485, 504.

Comment Note.—Right to withdraw guilty plea in state criminal proceeding where court refuses to grant concession contemplated by plea bargain. 66 ALR3d 902.

vacated in light of *People v Siebert,* 201 Mich App 402 (1993), but, unlike the majority, does not disagree with the result or analysis of *Siebert.*

CRIMINAL LAW — SENTENCES — GUILTY PLEAS — SENTENCING AGREEMENTS.

The prosecution is entitled to withdraw from a guilty plea agreement and reimpose the original charges where the plea agreement includes a sentencing agreement and the sentencing court, in the exercise of its sentencing discretion, declines to impose the sentence agreed upon by the parties.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, and *George E. Ward,* Chief Assistant Prosecutor, for the people.

State Appellate Defender (by *Norris J. Thomas, Jr., Penny R. Beardslee,* and *Anne Yantus*), for the defendant on appeal.

ON REMAND

Before: DOCTOROFF, C.J., and MURPHY and CAVANAGH, JJ.

MURPHY, J. Pursuant to a plea agreement, defendant pleaded guilty of delivery of between 225 and 650 grams of a mixture containing cocaine in violation of MCL 333.7401(2)(a)(ii); MSA 14.15(7401)(2)(a)(ii). Defendant was sentenced to five to thirty years in prison. The prosecution appeals from the judgment of sentence, contending that the sentence impermissibly falls below the term agreed upon by the parties under the sentence agreement. This Court issued an order of peremptory reversal, which was vacated by our Supreme Court with direction that we give the case plenary consideration. 437 Mich 1034 (1991). We vacate defendant's sentence and remand for further proceedings.

Defendant was charged with delivery of 650 grams or more of a mixture containing cocaine, MCL 333.7401(2)(a)(i); MSA 14.15(7401)(2)(a)(i). Defendant entered into an agreement with the prosecution whereby she would plead guilty of delivery of over 225 but less than 650 grams of cocaine in exchange for her truthful testimony and cooperation in the prosecution of others involved in the trafficking of narcotics. The agreement provided that defendant would receive a sentence of ten to thirty years.

The trial court accepted the plea agreement and indicated that the court was aware of the sentence agreement. Before sentencing, defendant cooperated fully in accordance with the agreement, and the prosecution admits that defendant fully complied with the agreement. The trial court subsequently sentenced defendant to five to thirty years, a downward departure from the agreed-upon minimum, stating as the compelling reason defendant's extensive cooperation with the prosecution.

The prosecution contends that it is entitled either to the imposition of the agreed-upon sentence or to be permitted to withdraw from the agreement. We reluctantly agree, and do so only because we are required to follow *People v Siebert,* 201 Mich App 402; 507 NW2d 211 (1993). Administrative Order No. 1990-6. In *Siebert,* this Court concluded that implicit in the decision of our Supreme Court in *People v Killebrew,* 416 Mich 189; 330 NW2d 834 (1982), is the assumption that the prosecution's right to have a sentence agreement enforced must be recognized in the interest of fairness and of protecting the prosecution's charging function. *Siebert, supra,* 408-412. Further, this Court in *Siebert* explicitly rejected the argument that the prosecution is barred from

seeking reinstatement of the higher charges on the basis of the principles of double jeopardy. *Id.,* 424.

Absent this Court's decision in *Siebert,* however, we would be disinclined to agree with the prosecution. To allow the prosecution to withdraw from a plea agreement entered into with full knowledge by the prosecutor that the sentencing function is for the judiciary violates concepts articulated in *Killebrew, supra,* and more recently in *People v Cobbs,* 443 Mich 276; 505 NW2d 208 (1993). Further, to do so in a fact situation such as this, where defendant has satisfied her part of the bargain by cooperating fully with the authorities at her own personal risk, is fundamentally unfair.

Judicial control of sentencing, empowered by the Legislature, MCL 769.1; MSA 28.1072, will effectively be delivered to the prosecutor, who will assuredly condition the sentence to be imposed on any negotiated guilty plea. Reliance on negotiated guilty pleas is commonplace in the administration of our criminal justice system, and an already overburdened judiciary will be encouraged to go along with the plea and *sentence* established by the prosecutor. The idea of a judge being the impartial dispenser of justice will thus be threatened, as will the concept of the sentencing function belonging to the judiciary.

Although equal treatment may suggest that allowing a prosecutor to withdraw from a sentence agreement unfulfilled is no different than the present process of allowing a defendant to do so, see *Killebrew, supra,* such an argument ignores the reality of the power and crime-charging authority of the prosecutor in the criminal law process, as well as constitutional considerations unique to a defendant charged with a crime. Before *Siebert,* neither case law, court rule, nor practice would allow the procedure now condoned, and, in fact,

*People v Pool,* 183 Mich App 191; 454 NW2d 121 (1989), would have prohibited it. If working with a clean slate and if not bound by Administrative Order No. 1990-6, we would not venture down this slippery path that risks overstepping the boundaries that separate the responsibilities of the executive branch of government from those of the judicial branch.

Concerning the prosecution's contention that the court erred in staying execution of defendant's sentence until the federal facility could accommodate her, we disagree.[1] The prosecution fails to cite any authority that would prohibit the trial court from acting as it did under the circumstances of this case, and we conclude that the trial court did not abuse its discretion in this regard.

Defendant's sentence is vacated, and this case is remanded to the trial court, where the prosecution shall be given opportunity to withdraw from the plea agreement and reinstate the original charge. However, as in *Siebert, supra,* 430-431, n 18, should defendant choose instead to abide by the terms of the original agreement and to accept the sentence to which the parties agreed, the prosecution shall not be permitted to withdraw from the plea agreement, and defendant shall be sentenced in accordance with the terms of the plea agreement. We do not retain jurisdiction.

CAVANAGH, J., concurred.

DOCTOROFF, C.J. *(concurring).* I agree with the majority opinion insofar as it concludes that defendant's sentence must be vacated in light of *People v Siebert,* 201 Mich App 402; 507 NW2d 211 (1993). However, unlike the majority, I do not

---

[1] We agree with defense counsel that this issue is moot if, as defense counsel asserts, defendant is now incarcerated.

disagree with the result or analysis of *Siebert.* Accordingly, I would follow the case, not because I am bound by Administrative Order No. 1990-6, but, rather, because I am persuaded that it is the correct resolution of the issue at hand.