# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellant,

v

AVANTIS DOMINIQUE PARKER,

Defendant-Appellant.

UNPUBLISHED
November 22, 2016

No.   328323
Washtenaw Circuit Court
LC No.   13-000157-FC

Before:  RONAYNE KRAUSE, P.J., and O'CONNELL and GLEICHER, JJ.

PER CURIAM.

The prosecution dismissed several charges against defendant and agreed to a sentence of 12½ to 15 years despite defendant's admission that he aided and abetted a murder.  The trial court later determined that defendant's extensive cooperation with the prosecutor merited an even lower sentence.  Although the court had discretion to reject the sentencing agreement, it was required to advise the prosecution of the sentence it intended to impose and allow the prosecution an opportunity to withdraw the plea agreement.  The court failed to do so. Accordingly, we reverse and remand for further proceedings.

## I. BACKGROUND

On September 16, 2013, defendant pleaded guilty to interfering or tampering with a witness and second-degree murder for his role in the killing of Charles Brandon.  At the plea hearing, Washtenaw County assistant prosecuting attorney Dianna Collins advised the court that the parties had reached a plea agreement.  In exchange for defendant's promise to truthfully testify against various accomplices, the prosecution promised to dismiss five other charges. They also reached a sentence agreement of 12½ to 15 years' imprisonment.

Over the next several months, defendant testified against other individuals involved in Brandon's murder.  He also implicated a fellow witness for perjury and assisted the Wayne County prosecutor in a related case.  In preparation for his February 11, 2015 sentencing hearing, defendant filed a memorandum seeking a lesser penalty than negotiated with the prosecutor. Defendant emphasized the peril he and his family had faced as a result of his cooperation and contended he went above and beyond what was originally asked by the prosecutor.

At sentencing, defendant indicated that counsel gave prosecutor Collins a draft of the sentencing memorandum before filing and incorporated the prosecutor's suggested revisions.

-1-

Defendant acknowledged the 12½-to-15-year sentencing agreement and that he "kn[e]w the People would call for that sentence today," but cited *People v Brontkowski*, unpublished opinion of the Court of Appeals, issued March 25, 2014 (Docket No. 313002), for the proposition that a court may deviate from a sentencing agreement after the defendant has completed his or her end of the bargain. Defendant urged the court to deviate from the agreement under the circumstances. Defendant concluded, "And I think that the People, while they call for the sentence to be imposed that was agreed to, agreed the Court has that authority, that that won't disturb the convictions of the other people and the Court has that authority."

Prosecutor Collins conceded that she had received defendant's memorandum and made a "factual review." She requested revisions, which the defense had incorporated. Collins emphasized that defendant's actual sentencing guidelines range was 30 to 100 years' imprisonment. She contended that the factors cited by defendant in support of further leniency were already considered during negotiations. Collins acknowledged that some new circumstances had arisen and noted she "frankly disagree[d] with very little, if anything, that [defense counsel] has said." She requested, however, that the court abide by the sentence agreement.

Ultimately, the court determined that it had "some limited discretion with regard to a sentence agreement entered into by the parties." The court sentenced defendant to concurrent terms of 10 to 15 years for each conviction. At the conclusion of the hearing, prosecutor Collins indicated that she would dismiss the remaining five charges. The court entered the judgment of sentence on February 20, 2015.

Fifteen days after the sentencing hearing and six days after entry of the judgment of sentence, the prosecution, through replacement counsel, filed a "motion to correct an invalid sentence." Citing *People v Siebert*, 450 Mich 500; 537 NW2d 891 (1995), the prosecutor contended that the trial court was not permitted to deviate from the sentencing agreement without allowing the prosecution the opportunity to withdraw the plea agreement. The prosecutor further asserted that the court was required to notify the state in advance "that it was contemplating a more lenient sentence." Prosecutor Collin's request to follow the sentencing agreement, the prosecutor argued, was sufficient to preserve the prosecution's objection and request to withdraw the plea agreement.

Defendant retorted that the prosecutor's comments at sentencing did not equate with a request to withdraw the plea agreement and therefore the prosecution waived its challenge. Similarly, defendant contended that he purposefully approached the prosecutor before filing his sentencing memorandum to ensure her cooperation and that prosecutor Collins "orally confirmed that she was not going to object to our request." The prosecutor then failed to file a response to the sentencing memorandum, impliedly accepting the facts and law recited therein. Defendant continued that his sentence was valid, precluding any modification. Defendant noted that he had complied with his end of the bargain, as evidenced by the prosecutor's dismissal of the other five charges levied against him. Finally, defendant asserted, double jeopardy principles precluded the court from now imposing a harsher penalty for his offenses.

The trial court denied the prosecutor's motion, finding that prosecutor Collins "did not object to the Court relying on the *Brontkowski* case to impose a lower sentence tha[n] was

reached in the sentence agreement and did not request the Court to allow the [prosecutor] to withdraw from the plea/sentence agreement and proceed to trial." This was insufficient to preserve a challenge under *Siebert* and therefore the sentence imposed was valid.

The prosecution thereafter filed an application for leave to appeal, which this Court granted. *People v Parker*, unpublished order of the Court of Appeals, entered September 14, 2015 (Docket No. 328323).

## II. ANALYSIS

As noted by our Supreme Court, plea bargaining is "a permanent feature" of criminal proceedings. *Siebert*, 450 Mich at 509.

> Plea bargains, however, are more than contracts between two parties. As the judicial representative of the public interest, the trial judge is an impartial party whose duties and interests are separate from and independent of the interests of the prosecutor and defendant. The court's interest is in seeing that justice is done. In the context of plea and sentence agreements, the court's interest in imposing a just sentence is protected by its right to reject any agreement, except that which invades the prosecutor's charging authority. A trial court . . . may protect its sentencing discretion by rejecting sentence agreements. In this sense, neither the prosecutor nor the defendant can dictate the sentence. [*Id.* at 509-510.]

A trial court may not reject a sentencing agreement out of hand, however.

> [A] prosecutor, like a defendant, is entitled to learn that the judge does not intend to impose the agreed-upon sentence, *to be advised regarding what the sentence would be, and given an opportunity to withdraw from the plea agreement.* The procedures outlined in [*People v Killebrew*, 416 Mich 189; 330 NW2d 834 (1982),] provide that the defendant may withdraw his plea when a sentence agreement or recommendation will not be satisfied in order to protect the defendant's right "to make a knowing and intelligent waiver of his right to trial and its companion rights." *Id.* at 210. The prosecution has an equal, though different, constitutional interest at stake insofar as it is constitutionally entrusted with authority to charge defendants. . . . In a case where the prosecutor has lowered the charges against the defendant—reducing either the number of counts charged or the level of those charges—with the understanding of a certain minimum sentence, the agreement is conditioned upon imposition of the specified sentence. Were a court allowed to maintain its acceptance of the plea over the prosecutor's objection, it would effectively assume the prosecutor's constitutional authority to determine the charge or charges a defendant will face. . . .

> Therefore, the trial court's exclusive authority to impose sentence does not allow it to enforce only parts of a bargain. A court may not keep the prosecutor's concession by accepting a guilty plea to reduced charges, and yet impose a lower sentence than the one for which the prosecutor and the defendant bargained. Accepting a plea to a lesser charge over the prosecutor's objection impermissibly

-3-

invades the constitutional authority of the prosecutor. . . . When a court receives information that in its judgment dictates a lower sentence, *it must alert the prosecutor of the sentence it intends to impose and allow the prosecutor to withdraw from the plea.* [*Id.* at 510-511 (emphasis added).]

*Siebert* demands that when a trial court determines to impose a more lenient sentence than that agreed to by the prosecutor and defendant, the court must "hear[] from the parties" first. *Id.* at 515-516. "If the court decides to reject the agreement, the prosecution should be informed of the intended sentence before it must decide whether to object and withdraw." *Id.* at 516.

The trial court did not follow *Siebert*'s mandatory procedure in this case. Specifically, the court did not inform the prosecution of its intended sentence before imposing it. The court heard defendant's argument that a more lenient sentence was in order. The court also considered the prosecutor's rebuttal. However, the court did not inform the parties of the intended sentences and then allow the prosecutor to decide whether to withdraw the plea agreement. Instead, the court imposed the concurrent 10-to-15-year sentences at the conclusion of its ruling and immediately notified defendant of his appellate rights. The court did not allow the prosecutor an opportunity to withdraw the plea agreement before imposing sentence. This interfered with the prosecutor's constitutional charging authority.

This Court's opinion in *Brontkowski* does not change this result. First, *Brontkowski* is unpublished and therefore is not binding precedent. MCR 7.215(C)(1). Second, *Brontkowski* does not give trial courts free reign to ignore sentencing agreements. Rather, *Brontkowski* addressed a defendant's due process and confrontation clause challenge when a witness was later given a more lenient sentence than divulged to the jury at the defendant's trial. *Id.*, unpub op at 1. As the witness's sentence reduction did not create a constitutional deficiency in the underlying trial, the court's action was not prohibited. But *Brontkowski* does not control the procedure to be followed at the subject witness's sentencing hearing. Neither does this Court's opinion in Brontkowski's co-defendant's case control, contrary to the trial court's reasoning. See *People v Bosca*, 310 Mich App 1, 33; 871 NW2d 307 (2015) (holding "[a]lthough defendant contends that the trial court ultimately imposed on [the witness] a more lenient sentence," the prosecutor "made the requisite disclosure" at the defendant's trial and did not engage in misconduct).

And contrary to defendant's contentions, the prosecutor did not waive her right to withdraw the plea agreement. Forfeiture and waiver should not be conflated. Forfeiture is the failure to assert a right while waiver "is the intentional relinquishment or abandonment of a known right." *People v Vaughn*, 491 Mich 642, 663; 821 NW2d 288 (2012) (quotation marks and citation omitted). Waiver extinguishes the error, leaving nothing for review; forfeiture does not. *Id.* Here, the prosecutor vigorously argued against the trial court's imposition of a more lenient sentence. She did not specifically request to withdraw the plea agreement, but neither did she raise and intentionally relinquish the right to pursue that remedy. Accordingly, we may at least review the court's action for plain error, *People v Carines*, 460 Mich 750, 763-764; 597 NW2d 130 (1999), and such error clearly occurred at defendant's sentencing.

The question then becomes what remedy is available. MCR 6.429(A) limits a court to correcting "an invalid sentence." A sentence is not invalid merely because the court does not

-4-

follow the sentencing agreement. *People v Pool*, 183 Mich App 191, 192-193; 454 NW2d 121 (1989). But a sentence in defiance of a sentencing agreement is deemed invalid if the court does not follow the procedure outlined in *Siebert*. *Siebert*, 450 Mich at 515, 519. It is settled law that remand for resentencing in the face of an invalid sentence does not violate double jeopardy principles. See US Const, Ams V and XIV; Const 1963, art 1, § 15; *Siebert*, 450 Mich at 511 n 6, 515-516; *People v Siebert*, 201 Mich App 402, 418-426; 507 NW2d 211 (1993).

On remand, *defendant* may elect to "reaffirm" his plea agreement, ask the trial court for specific performance of the sentencing agreement, and accept a sentence of 12½ to 15 years. See *People v Killebrew*, 416 Mich 189, 209-210; 330 NW2d 834 (1982). Alternatively, the prosecution may accede to the sentence imposed, essentially entering into a new sentencing agreement. Should the prosecutor persist, defendant or the trial court may decline to abide by the sentence agreement. The court must then allow the prosecution an opportunity to withdraw the plea agreement. *Id.* at 510. If the agreement is withdrawn, "the case may proceed to trial on any charges that had been brought or that could have been brought against the defendant if the plea had not been entered." MCR 6.312.

We reverse and remand for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Peter D. O'Connell
/s/ Elizabeth L. Gleicher