*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

v

TERRANCE DEYOUNG SELF,

      Defendant-Appellant.

UNPUBLISHED
June 11, 2020

No. 347036
Berrien Circuit Court
LC No. 2017-005088-FH

Before: MARKEY, P.J., and JANSEN and BOONSTRA, JJ.

PER CURIAM.

Defendant appeals by delayed leave granted[1] his convictions of two counts of delivery of a controlled substance, MCL 333.7401(2)(b)(*i*). The trial court initially sentenced defendant to 24 months to 20 years' imprisonment, then amended the judgment of sentence to reflect that defendant was to serve 72 months to 20 years' imprisonment. We reverse, and remand for the limited purpose of correcting defendant's judgment of sentence to accurately reflect his sentence of 24 months to 20 years' imprisonment.

Defendant pleaded guilty to two counts of delivery of a controlled substance in exchange for the prosecution dropping two additional counts of delivery of a controlled substance, as well as an agreement not to pursue a fourth-offense habitual offender status. Accordingly, the minimum sentencing guidelines range was 72 to 120 months' imprisonment.

At defendant's sentencing hearing on June 26, 2018, the trial court lectured defendant on the nature of his crime, and his criminal history, and indicated that the sentence it would impose was meant as punishment, protection of the community, deterrence, and reformation. Accordingly, the trial court articulated on the record that it would be sentencing defendant to 24 months to 20 years' imprisonment. The prosecution confirmed on the record the sentence. The register of actions in this case lists the date of entry the original judgment of sentence as June 26, 2018.

---

[1] *People v Self*, unpublished order of the Court of Appeals, entered February 8, 2019 (Docket No. 347036).

Moreover, the record contains an order of commitment dated June 26, 2018, that states defendant was sentenced to 24 months to 20 years' imprisonment.

On June 27, 2018, the trial court held a corrected sentencing hearing. The trial court noted that it had misspoken when rendering defendant's sentence, and that it had intended to sentence defendant to a minimum of 72 months' imprisonment. Accordingly, an amended judgment of sentence was entered on June 28, 2018, reflecting a sentence of 72 months to 20 years' imprisonment.

Defendant argues on appeal that the trial court erred by amending a valid sentence. We agree.

This Court reviews sentencing decisions for an abuse of discretion. *People v Skinner*, 502 Mich 89, 131; 917 NW2d 292 (2018). This Court also reviews arguments involving the interpretation and application of statutes de novo. *People v Waclawski*, 286 Mich App 634, 645; 780 NW2d 321 (2009). The same legal principles governing the interpretation of statutes govern the interpretation of court rules. *People v Comer*, 500 Mich 278, 287; 901 NW2d 553 (2017).

MCR 6.429(A) provides:

(A) Authority to Modify Sentence. The court may correct an invalid sentence, on its own initiative after giving parties an opportunity to be heard, or on motion by either party. But the court may not modify a valid sentence after it has been imposed except as provided by law. Any correction of an invalid sentence on the court's own initiative must occur within 6 months of the entry of judgment of conviction and sentence.

An invalid sentence is a sentence that contains an error or defect in the sentence or sentencing procedure which entitles a defendant to be resentenced, or to have the sentence changed. *People v Whalen*, 412 Mich 166, 169-170; 312 NW2d 638 (1981). However, "a trial court is without authority to set aside a valid sentence and impose a new one." *Id*. at 169. See also *People v Mitchell*, 454 Mich 145, 176; 560 NW2d 600 (1997), where our Supreme Court reiterated that "[w]e have long recognized . . . that a sentence may be set aside only when it is invalid."

Defendant's original sentence of 24 months to 20 years' imprisonment was not invalid. Indeed, it was below the minimum sentencing guidelines range, but that alone does not render it invalid. As of June 26, 2018, the trial court had reduced defendant's sentence to writing. The register of actions indicates that the original judgment of sentence was entered on June 26, 2018, following the first sentencing hearing, and an order of commitment was entered on that same date. That order of commitment reflects defendant's sentence of 24 months to 20 years' imprisonment. The trial court lacked authority to amend a valid sentence after that date. MCR 6.429(A). We conclude that the trial court exceeded its authority by amending defendant's sentence on its own initiative. Defendant's sentence of 72 months to 20 years' imprisonment cannot stand.

Reversed, and remanded for the limited purpose of correcting defendant's judgment of

sentence to accurately reflect his sentence of 24 months to 20 years' imprisonment.  We do not retain jurisdiction.


/s/ Kathleen Jansen