*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

           Plaintiff-Appellant,

v

GEORGE ALAN ROWSER,

           Defendant-Appellee.

UNPUBLISHED
September 3, 2020

No. 347307
Oakland Circuit Court
LC No. 2017-264602-FH

Before: STEPHENS, P.J., and O'BRIEN and REDFORD, JJ.

PER CURIAM.

The prosecution appeals by leave granted[1] the trial court's order reducing defendant's jail sentence. We vacate and remand.

## I. BACKGROUND

On July 30, 2017, defendant was arrested for having 6.5 grams of individual packages of crack cocaine on his person. Defendant posted bond and was released on July 31, 2017. On November 14, 2017, defendant pleaded guilty to possession with intent to deliver less than 50 grams of cocaine, MCL 333.7401(2)(a)(*iv*) pursuant to a *Cobbs*[2] agreement. On December 19, 2017, defendant was sentenced as a fourth-offense habitual offender, MCL 769.13, to 150 days in jail, with two days of jail credit; however, the trial court suspended defendant's jail sentence and admitted defendant into the Zero Tolerance Program (ZTP), a substance abuse program run by the

---

[1] *People v Rowser*, unpublished order of the Court of Appeals, entered May 29, 2019 (Docket No. 347307).

[2] *People v Cobbs*, 443 Mich 276; 505 NW2d 208 (1993).

Oakland County Sheriff's Department. Defendant filed a motion to reduce his sentence, which the trial court granted.[3]

On May 2, 2018, defendant violated the ZTP rules by having a drug screen that was positive for cocaine. On June 11, 2018, defendant failed to present to the jail for reinstatement of his original sentence. On June 13, 2018, the prosecution filed a petition requesting that a bench warrant be issued for defendant's arrest, which the trial court granted. On July 31, 2018, defendant filed a motion to reduce his sentence, requesting the trial court terminate his sentence because he needed to work. On August 8, 2018, the trial court granted defendant's motion:

> It is hereby ordered that the remaining sentence is hereby waived and George Rowser is ordered to be released from custody.

The prosecution filed a motion to reconsider the trial court's reduction of defendant's jail sentence, which the trial court denied. This appeal ensued.

## II. SENTENCE COMMUTATION

The prosecution contends the trial court erred, and exceeded its authority, in reducing defendant's jail sentence. Specifically, the prosecution argues the trial court improperly commuted defendant's sentence, which was valid and, therefore, nonmodifiable. The prosecutor also asserts that MCL 801.257 is not applicable to reduce defendant's sentence. Remand, for further development and explanation, is appropriate in this instance because the record is inadequate to determine the trial court's reasoning for granting defendant's motion to reduce his sentence.

### A. STANDARD OF REVIEW

"The proper interpretation and application of statutes and court rules is a question of law, which this Court reviews de novo." *People v Comer*, 500 Mich 278, 287; 901 NW2d 553 (2017) (citation omitted).

> When interpreting statutes, we begin with the statute's plain language. In doing so, we examine the statute as a whole, reading individual words and phrases in the context of the entire legislative scheme. We must give effect to every word, phrase, and clause and avoid an interpretation that would render any part surplusage or nugatory. When the statute's language is unambiguous, the statute must be enforced as written. These same legal principles govern the interpretation of court rules. [*Id*. (citations omitted).]

---

[3] A separate case, lower court Case No. 2018-265689-FH, arose on October 28, 2017, when defendant was arrested for possession of approximately 1.5 grams of cocaine, in Oak Park, Michigan. On August 7, 2018, defendant was sentenced, as a fourth-offense habitual offender, to one-year probation, and 59 days in jail, with 59 days jail credit. The trial court did not admit defendant to the ZTP for this offense.

## B. ANALYSIS

We note that there is no challenge to the defendant's original plea or sentence of a suspended jail sentence of 150 days for defendant to participate in the ZTP. Rather, the controversy is over the court's August 8th order to waive the balance of defendant's sentence.

The prosecution initially asserts the trial court relinquished jurisdiction over defendant to the sheriff when it ordered defendant to report to jail rather than probation, after defendant violated the ZTP rules. We disagree.

"A sentencing court that places a person in a community corrections program shall retain jurisdiction over the person as a probationer under chapter XI of the code of criminal procedure, Act No. 175 of the Public Acts of 1927, being sections 771.1 to 771.14a of the Michigan Compiled Laws." MCL 791.409.[4] A " '[c]ommunity corrections program' means a program that is operated by or contracted for by a city, county, or group of counties, or is operated by a nonprofit service agency, and that offers programs, services, or both, instead of incarceration in prison, and that are locally operated and provide a continuum of programming options from pretrial through post-adjudication." MCL 791.402(c). MCL 791.408(4) concerns community corrections program requirements, and states, in relevant part:

> (4) A community corrections program must do all of the following:
>
> (a) *Provide appropriate sanctions and services as sentencing options for imposition at the discretion of the court*, including community supervision and programming services for eligible offenders.
>
> (b) Provide improved local services for individuals involved in the criminal justice system with the goal of reducing the occurrence of repeat criminal offenses that result in a term of incarceration or detention in jail or prison. [*Id*. (emphasis added).]

The Oakland County Sheriff's ZTP substance abuse program is the type of program provided for under the Community Corrections Act, MCL 791.401 *et seq*. While the ZTP is not operated by the Community Corrections Department, it is listed as an analogous program in the "other programs" section of the Community Corrections website. Because of defendant's placement in the ZTP, as a "community corrections program" under MCL 791.409, the trial court retained jurisdiction over defendant as a probationer. Thus, the prosecutor's argument of error on this basis is unsupported.

The prosecution next contends defendant's December 19, 2017 sentence was valid, and therefore, the trial court lacked authority to commute or modify his sentence. We agree with this contention.

---

[4] MCL 771.8 through MCL 777.13 were repealed, effective December 31, 1979.

While the trial court had the discretion to elect whether to impose sanctions for defendant's violation of the rules for ZTP participation, it did not have the authority to modify defendant's valid sentence for defendant's underlying crime of possession with intent to deliver, MCL 333.7401(2)(a)(*iv*), as a fourth-offense habitual offender, MCL 769.13. A trial court lacks authority to reduce a defendant's valid jail term. *People v Moore*, 468 Mich 573, 582; 664 NW2d 700 (2003) ("The sentence imposed in 1981 was a valid one, and, thus, the circuit court lacked the authority to resentence defendant."). In *People v Whalen*, 412 Mich 166, 169; 312 NW2d 638 (1981), our Supreme Court "held that a trial court is without authority to set aside a valid sentence and impose a new one, because to do so would infringe upon the exclusive power of the governor under the Constitution to commute sentence." *Id*., citing Const 1963, art 5, § 14 ("The governor shall have power to grant reprieves, commutations and pardons after convictions for all offenses, except cases of impeachment, upon such conditions and limitations as he may direct, subject to procedures and regulations prescribed by law. He shall inform the legislature annually of each reprieve, commutation and pardon granted, stating reasons therefor.") (citations omitted). "[T]he trial court's authority to modify a valid sentence . . . is . . . circumscribed." *Comer*, 500 Mich at 295, citing *People v Barfield*, 411 Mich 700, 702-703; 311 NW2d 724 (1981) ("Once the original and valid sentence of one year in the Detroit House of Correction was imposed the court did not have the power to release the defendant, nor could the court order that the defendant be continued on probation at a later date. . . . The circuit judge had no power at that time to vacate the sentences, because the authority over the prisoners had passed out of his hands by his own order.") (citation omitted).

In *Whalen*, 412 Mich at 169, our Supreme Court explained that "[a] court's authority to resentence depends, therefore, on whether the previously imposed sentence is invalid." It is well established "that trial courts possess the power to review and correct an invalid sentence." *Comer*, 500 Mich at 295. MCR 6.429 governs the correction of invalid sentences, and states, in relevant part:

> (A) Authority to Modify Sentence. The court may correct an invalid sentence, on its own initiative after giving the parties an opportunity to be heard, or on motion by either party. *But the court may not modify a valid sentence after it has been imposed except as provided by law*. Any correction of an invalid sentence on the court's own initiative must occur within 6 months of the entry of the judgment of conviction and sentence.
>
> (B) Time for Filing Motion.
>
> (1) A motion to correct an invalid sentence may be filed before the filing of a timely claim of appeal. [MCR 6.429 (emphasis added).]

While "MCR 6.429 authorizes either party to seek correction of an invalid sentence upon which judgment has entered, . . . the rule does not authorize a trial court to do so sua sponte." *Comer*, 500 Mich at 297.

MCR 6.435 and MCR 6.429 provide that under specific circumstances, trial courts are authorized to correct judgments of sentence. "Under [MCR 6.435(A)], a court may correct a clerical mistake on its own initiative at any time, including after a judgment has entered." *Comer*,

500 Mich at 293. "[T]he court's ability to correct substantive mistakes under MCR 6.435(B) ends upon entry of the judgment." *Id*. at 294, citing MCR 6.427. Specifically, MCR 6.435 states, in relevant part:

> (A) Clerical Mistakes. Clerical mistakes in judgments, orders, or other parts of the record and errors arising from oversight or omission may be corrected by the court at any time on its own initiative or on motion of a party, and after notice if the court orders it.

> (B) Substantive Mistakes. After giving the parties an opportunity to be heard, and provided it has not yet entered judgment in the case, the court may reconsider and modify, correct, or rescind any order it concludes was erroneous.

"[W]hen considering MCR 6.435 and MCR 6.429 together, . . . the trial court's authority to correct an invalid sentence on its own initiative ends upon entry of the judgment of sentence." 500 Mich at 297.

Defendant does not claim he was sentenced on the basis of inaccurate information. Neither did defendant allege that he was entitled to a reduction in sentence because his December 19, 2017 judgment of sentence contained a clerical or substantive mistake, MCR 6.435(A) and (B), or because his sentence was invalid, MCR 6.429(B)(1). When the trial court granted defendant's motion to reduce his sentence, it did not "declare . . . defendant's prior sentences invalid on any recognized ground." *Whalen*, 412 Mich at 170. The trial court simply, and without explanation, terminated defendant's "remaining sentence," and ordered defendant's release from custody. The record provides no insight into the trial court's rationale for granting defendant's motion.

Because defendant's sentence was valid, the trial court lacked authority to essentially resentence defendant when it granted defendant's motion to reduce his sentence, terminating the balance remaining on his sentence. *Moore*, 468 Mich at 582 ("The sentence imposed in 1981 was a valid one, and, thus, the circuit court lacked the authority to resentence defendant.").[5]

The prosecution also argues the trial court did not, in granting defendant's motion, give defendant a 25% sentence reduction for good behavior under MCL 801.257, and that defendant was not entitled to a sentence reduction under MCL 801.257, considering his misconduct during his participation in the ZTP program. We agree.

---

[5] Further problematic is being able to discern from the existing record precisely what occurred after defendant's arrest on the bench warrant, including: (a) how long defendant was in jail after his arrest, (b) whether the trial court was imposing sanctions for defendant's violation of ZTP rules, or (c) how defendant's jail sentence was being calculated. As such, it cannot be determined with any certainty whether the trial court declined to impose additional jail time for the ZTP violation or sentenced defendant to a definitive jail sentence on the underlying crime, and then reduced his sentence without the authority to do so.

"[T]he Legislature may provide exceptions to th[e] rule [against modifying a valid sentence]." *Comer*, 500 Mich at 295 n 40. In arguing the trial court had authority to grant his motion to reduce his sentence, defendant relies on MCL 801.257, which states in relevant part:

> [A] prisoner may receive, if approved by the court, a reduction of ¼ of his or her term if his or her conduct, diligence, and general attitude merit such reduction.

The prosecution contends the trial court did not provide defendant a 25% reduced sentence for good behavior under MCL 801.257, when it granted defendant's motion to reduce his sentence. Specifically, the prosecution argues defendant's sentence reduction exceeded 25% of his sentence to 150 days' in jail. The prosecution asserts defendant already served 59 days in jail when the trial court granted defendant's motion and thereby cancelled 91 days of defendant's 150 day-sentence, and that the cancellation represented approximately 60.7% of defendant's sentence.

The prosecution's calculation appears to erroneously rely on defendant's August 7, 2018 sentencing transcript pertaining to defendant's unrelated case, Case No. 2018-265689-FH. The record shows that in Case No. 2018-265689-FH, defendant was sentenced, as a fourth-offense habitual offender, to one year of probation, and 59 days in jail, with 59 days jail credit. As already indicated, the record does not contain documentation showing the date defendant began to serve the remaining 148 days of his original 150-day jail sentence in this case, nor does the record show whether the trial court required defendant serve time in jail after violating ZTP rules. Thus, the prosecution's percentage calculation on the basis of an unrelated case is not persuasive.

Further, even if the court used September 24, 2018, as defendant's new release date, the trial court percentage of reduction given was 30%, not 25%. Again, even this calculation is speculative, considering the record does not contain any documents supporting defendant's assertion that his new release date was September 24, 2018. Therefore, the trial court's decision to grant defendant's motion to reduce his sentence is not supported by MCL 801.257. *Id.* ("[A] prisoner may receive, if approved by the court, a reduction of ¼ of his or her term if his or her conduct, diligence, and general attitude merit such reduction.").

In addition to the issue of the exact date of the release date and the percentage exceeding the statutory percentage, the prosecution contends that the court did not, and upon a review the record, could not, have found that defendant's "conduct, diligence, and general attitude merit[ed] such reduction," under MCL 801.257, considering defendant violated ZTP rules by using drugs and failed to return to jail to serve the balance of his sentence. We agree that the court did not make a finding that it was invoking its authority under MCL 801.257. As noted, not only did defendant violate ZTP rules with a drug screen that was positive for cocaine, but he also failed to comply with the court order to present himself to the Oakland County Jail for reinstatement of his original sentence. The defendant counters that his updated PSIR did not indicate defendant had any disciplinary problems since he was incarcerated. He also argues that defendant expressed remorse and gained insight into his substance abuse problems. However, the record does not contain evidence of an updated PSIR. Additionally, the trial court's brief comments when granting defendant's motion to reduce his sentence did not indicate that the court intended to reduce defendant's sentence under MCL 801.257 nor did the facts upon which such an exercise of authority was invoked.

-6-

### III. CONCLUSION

The inadequacy of the record and the resultant inability to discern the legal or factual bases for the trial court's decision to grant defendant's motion to reduce his sentence necessitate remand to the trial court for further development and explanation of the reasons underlying its ruling.

We therefore vacate the trial court's ruling and remand to the trial court for explanation of its legal and factual reasons for granting defendant's motion to reduce his sentence. We do not retain jurisdiction.


/s/ Cynthia Diane Stephens
/s/ James Robert Redford