**Michigan Supreme Court**
**Lansing, Michigan 48909**

# Opinion

Chief Justice
Maura D. Corrigan

Justices
Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Clifford W. Taylor
Robert P. Young, Jr.
Stephen J. Markman

**FILED JUNE 24, 2003**

PEOPLE OF THE STATE OF MICHIGAN,

    Plaintiff-Appellant,

v                                     No. 122367

LOUIS MOORE,

    Defendant-Appellee.

_____

PER CURIAM

The Court of Appeals held that the circuit court had authority to resentence defendant because the sentencing judge's expectations regarding eligibility for parole had proved to be incorrect. We hold that the circuit judge properly concluded that he lacked jurisdiction to resentence, and reverse the judgment of the Court of Appeals.

I

Following a bench trial, defendant was found guilty of second-degree murder[1] and possession of a firearm during

---

[1] MCL 750.317.

commission of a felony.[2]  On September 22, 1981, the circuit court sentenced defendant to life in prison for murder, consecutive to the two-year mandatory term for the firearm offense.   At sentencing, there were several exchanges regarding defendant's eligibility for parole.  In imposing a life sentence the judge explained:

> These kinds of sentences are always difficult to impose, and I do not pretend to be the kind of expert that I hope the corrections commission has in the parole board.  But, I'm going to impose the kind of sentence that, I think, will leave them much room to recommend when you should be released; which means, in affect [sic], that I am not going to impose a sentence of a term of years.  I want to leave it up to the parole board so that after a period of 10 years, you could be considered for parole if you put yourself and your life in such a position that you should be considered for [it].

The judge said that he would make "no recommendation" regarding parole.

Following imposition of sentence, defense counsel raised a question about the parole consequences of the sentence and had the following exchange with the court:

> *Mr. Howarth*:  Only one other question.  It would—would it be my understanding that the Court has chosen a sentence of life imprisonment in this case based upon the thought that it is a parolable offense within ten years?
>
> The reason I saw [sic, say?] that is because of certain attorney general opinion's [sic] indicating that under Proposal B,[3] it might not be

---

[2] MCL 750.227b.

[3] Counsel's references are to the 1978 initiative known as "Proposal B," and an Attorney General's Opinion concluding that Proposal B precluded parole for even nonmandatory life

2

parolable within ten years.

> *The Court*: I understand that. We've had that kind of problem before.

> The record will be very clear that's a very important point because—important basis of the sentence.

> I do not in any way mean that this man could not obtain his release if that were seen as a realistic and reasonable thing by the parole authorities; so that if that becomes a problem after the course of time, the record is clear so that I can be addressed on that issue if I'm here or my successor.

> *Mr. Howarth*: In case an appellate court were to rule that a life sentence under murder, second degree is not parolable, then it would be appropriate under this sentence for Mr. Moore to ask to be resentenced.

> *The Court*: It's clear that my intent is that Mr. Moore be eligible [sic] for parole after a proper amount of time.

In his appeal of right, defendant's conviction was affirmed by the Court of Appeals.[4] We denied leave to appeal.[5]

Defendant filed a motion in propria persona for resentencing in 1984, which the circuit judge denied on April 24, 1984, on the ground that it was premature because the defendant had not been in prison for ten years. The Court of Appeals denied leave to appeal, with an order stating that

---

sentences. OAG, 1979-1980, No 5583, p 438 (October 16, 1979). That interpretation of the initiative proposal was rejected in *People v Waterman*, 137 Mich App 429; 358 NW2d 602 (1984).

[4] Unpublished opinion per curiam, issued March 28, 1983 (Docket No. 61277).

[5] 418 Mich 896 (1983).

the denial was "in light of" *People v Waterman*, 137 Mich App 429; 358 NW2d 602 (1984), which had been decided a few weeks before.[6]

On July 15, 1997, defendant filed a motion for relief from judgment, seeking resentencing. He asserted that he was not "eligible" for parole after ten years of incarceration, contrary to the circuit court's assumption when defendant was sentenced. He noted that on April 2, 1994, the Parole Board had indicated that it had "no interest in taking action at this time" regarding defendant's parole.

The motion was heard by the original sentencing judge, who denied it on July 6, 1999. At the hearing, the judge explained that he may have been under something of a misapprehension at the time of sentencing regarding the actual likelihood of defendant's being paroled. The judge said:

> None of us can ever really go back 20 years and know exactly what we intended, whatever our are [sic] intentions were to be, but I think it's probably fair for me to conclude that I wanted Mr. Moore to have a reasonable chance at parole, given his history in prison and how he behaved himself.
>
> And I think I may have been under what now turns out to be somewhat of a misapprehension or misunderstanding that any number of parolable life sentences resulted in parole. I guess it turns out, . . . surprisingly few parolable life sentences result in parole.

The judge continued, saying that under *In re Parole of*

---

[6] Unpublished order, entered October 8, 1984 (Docket No. 79268).

4

*Johnson*, 235 Mich App 21; 596 NW2d 202 (1999), one could argue that defendant had not become "eligible" for parole. Nevertheless, the judge concluded that he did not have the authority to resentence, explaining:

> Now, it was my intention that he become eligible for parole, but I don't believe . . . I have jurisdiction to resentence him, notwithstanding the fact that he, as a practical matter, has not become eligible.
>
> Again, I've read that transcript over and over again, and I guess what I'm saying is, what I said at the time was, Given [sic] my belief of how parolable life sentences work, it was my hope that he would be considered for parole.
>
> And I'm not even sure if I said explicitly if he's not, then I hold on to this case for resentencing, whether I can properly do that, or could have done that.
>
> * * *
>
> . . . I suppose if the law were otherwise, a judge in every sentence would be able to fashion language that, as a practical matter, would result to retention of jurisdiction in every case, and I'm not sure that would be wise public policy given the issues that we're talking about.
>
> I think the issue in this case is whether, in this case, because of my finding that as a practical matter, or as a legal matter, under the <u>Johnson</u> case Mr. Moore has not become eligible for parole, and given what I said at the time of sentence do I, under these circumstances, retain jurisdiction?
>
> I conclude, no, . . . .

II

The Court of Appeals granted defendant's application for

5

leave to appeal and then reversed in a two-to-one decision.[7] The majority noted the sentencing judge's statement that he intended defendant to become eligible for parole and that the judge concluded that under *In re Parole of Johnson* defendant had not become so eligible. The Court of Appeals rejected the sentencing judge's view that he was without jurisdiction to resentence, stating:

> Having found that it sentenced under a "misapprehension or misunderstanding" regarding defendant's eligibility for parole after ten years, the court had authority to resentence, if it so chose. [Slip op at 2.]

The majority stressed that defendant was not *entitled* to resentencing, but only that the trial court had jurisdiction to resentence if it determined that the misapprehension of law affected the sentence. The majority remanded the case for proceedings consistent with its opinion.

Judge MURPHY dissented. In his view, the sentencing judge's language at the sentencing hearing indicated an intent that the defendant be given the opportunity for parole. MCL 791.234(6), in fact, provided defendant with that opportunity. The sentencing judge did not express any intention that the defendant actually be paroled, merely that he be subject to parole consideration, as he was.

### III

A trial judge has the authority to resentence a defendant

---

[7] Unpublished opinion per curiam, issued July 9, 2002 (Docket No. 228323).

6

only when the previously imposed sentence is invalid. *In re Jenkins*, 438 Mich 364, 368; 475 NW2d 279 (1991); *People v Miles*, 454 Mich 90, 96-97; 559 NW2d 299 (1997). A sentencing judge's misapprehension of the law can be a ground for finding a sentence to be invalid. *People v Whalen*, 412 Mich 166, 170; 312 NW2d 638 (1981). In this case, the Court of Appeals majority appears to have proceeded on the assumption that whether there is such a misapprehension is a question of fact. However, while identifying the judge's understanding of the law may be a question of fact, whether that understanding is a *mis*apprehension is a question of law, to which we apply a de novo standard of review. *People v Sierb*, 456 Mich 519, 522; 581 NW2d 219 (1998).

IV

We agree with the dissenting judge in the Court of Appeals that the facts of this case demonstrate no misunderstanding by the sentencing judge that would entitle the defendant to resentencing. The sentencing judge's statements in 1981 merely expressed the intent that defendant's life sentence would not deprive him of consideration for parole. That was a correct understanding of the law. MCL 791.234, in fact, gave the Parole Board jurisdiction over defendant after he had served ten years.

As the Court of Appeals dissent noted, the sentencing judge did not express any intention that defendant *actually be*

7

*paroled*, but only that the Parole Board consider whether to parole him. Defendant's motion for relief from judgment, itself, revealed that he received such a consideration in 1994. While the result of that consideration was the Parole Board's "no interest" letter, the fact remains that the defendant received parole consideration, meeting the sentencing judge's expectations. The only sense in which the sentencing judge expressed that he had been under a "misapprehension or misunderstanding" was that he did not anticipate the infrequency with which the Parole Board would grant parole to defendants sentenced to life terms. However, the failure to accurately predict the actions of the Parole Board does not constitute a misapprehension of the law that could render the sentence invalid.

The principle argued by defendant and the Court of Appeals majority would alter the whole framework of our sentencing and corrections system. If a judge's conclusion that the Parole Board's later action renders the sentence subject to change, virtually any sentence could be revised at the whim of the sentencing judge.

The Court of Appeals majority relied on the circuit judge's reference to *In re Parole of Johnson*. Although *Johnson* perhaps could have been written more clearly, it addressed an entirely different issue from the expectation of a sentencing judge regarding the eligibility for parole as in this case. In that case the question was whether the Parole

Board's "no interest" letter constituted a denial of parole that was at the time subject to appeal by the defendant.[8] In concluding that the "no interest" decision was not appealable, the *Johnson* opinion used language indicating that a defendant who receives such a "no interest" letter was not "truly eligible" for parole because the other conditions for parole had not been met—public hearing, opportunity for a sentencing judge to object, etc. The *Johnson* Court was using the word "eligible" in an entirely different sense than applicable here. The sort of "eligibility" with which we deal in this case concerns the jurisdiction of the Parole Board over a defendant. Here, and in *Johnson*, the board unquestionably had the authority to consider the defendants for parole and to grant them parole. The *Johnson* Court said the defendant was not "eligible" in the sense that the substantive requirements for granting parole had not been established. Here the question is the judge's understanding that defendant would be subject to the jurisdiction of the Parole Board and could be paroled after the board completed the requisite procedures and exercised its discretion to grant parole. He was in fact eligible for that consideration.

V

The sentence imposed in 1981 was a valid one, and, thus, the circuit court lacked the authority to resentence

_____

[8] 1999 PA 191 amended MCL 791.234 to eliminate inmates' right to appeal Parole Board denials.

9

defendant.  Accordingly, pursuant to MCR 7.302(F)(1), in lieu of granting leave to appeal, we reverse the judgment of the Court of Appeals, and reinstate the Wayne Circuit Court's order of July 6, 1999, denying defendant's motion for relief from judgment.

> Maura D. Corrigan
> Elizabeth A. Weaver
> Clifford W. Taylor
> Robert P. Young, Jr.
> Stephen J. Markman

CAVANAGH and KELLY, JJ.

We concur in the result only.

> Michael F. Cavanagh
> Marilyn Kelly