689 N.W.2d 224 (2004)
PEOPLE of the State of Michigan, Plaintiff-Appellee,
v.
Kenneth WALKER, Defendant-Appellant.
Docket No. 126035, COA No. 253636.
Supreme Court of Michigan.
December 10, 2004.
On order of the Court, the application for leave to appeal the March 18, 2004 order of the Court of Appeals is considered, and it is DENIED, because the defendant has failed to meet the burden of establishing entitlement to relief under MCR 6.508(D).
MICHAEL F. CAVANAGH, J., would remand this case to the Court of Appeals as on leave granted.
MARILYN J. KELLY, J., dissents and states as follows:
I would remand this case to the Court of Appeals for consideration as on leave granted. Because the trial judge was under a misapprehension of law at the time of sentencing, a remand is appropriate, even under this Court's decision in People v. Louis Moore, 468 Mich. 573, 579, 664 N.W.2d 700 (2003).
In Moore, the defendant was sentenced to life imprisonment. The trial judge denied a motion for relief from judgment, finding that he lacked jurisdiction to review the sentence. The Court of Appeals reversed, ruling that the judge had the authority to resentence. It reasoned that the original sentence had been rendered under the misapprehension that the defendant would be eligible for parole after ten years.
We reinstated the sentencing judge's denial of relief from judgment. Our holding was that, at the time of sentencing, the judge accurately believed that the defendant would be entitled to consideration for parole after ten years. Id. at 580, 664 N.W.2d 700. Later, the Parole Board changed its policy, making it unlikely that the defendant would ever be paroled. According to Moore, supra, the sentencing judge's failure to accurately predict future actions of the Parole Board is not a misapprehension of the law that can render the sentence invalid. Id.
I continue to agree that the defendant in Moore was not entitled to resentencing, and I continue to disagree with the rationale expressed by the Moore majority.[1] There are many cases in which a trial judge sentenced a defendant to life imprisonment rather than to a term of years. In some of them, the judge stated at sentencing that he or she expected the defendant to be paroled at some future time.
I believe that the defendants in those cases should be allowed to show that the sentencing judge based the sentence on the belief that the defendants should eventually be paroled. The need to make such a showing has been occasioned by the Parole Board's change in policy with respect to life sentences. The board now treats someone sentenced to life in prison as forever ineligible for parole.
When a trial judge sentences a person, he or she attempts to particularize the sentence taking into account the circumstances of that defendant and the crime involved. See People v. Milbourn, 435 Mich. 630, 636, 461 N.W.2d 1 (1990). Among the considerations is the possibility of parole.
*225 The sentence must be based on accurate information to be valid. People v. Malkowski, 385 Mich. 244, 249, 188 N.W.2d 559 (1971). In cases where the sentencing judge clearly indicates a misunderstanding that the defendant will ultimately be paroled, the judge is basing the sentence on inaccurate information. The inaccuracy lies in the failure to understand that the Parole Board may change its policy.
An injustice is done whenever a judge imposes a sentence misunderstanding the import of the sentence, and the defendant is foreclosed from the relief that the judge intended. Moreover, it is unfortunate whenever this Court fosters a policy of ignoring the clear intentions of trial judges when making sentencing decisions.
The many cases involving "misapprehension" on the part of trial judges when sentencing people to life in prison before the Parole Board's change of policy have led to a systemic problem.[2] For this reason, I strongly question the extension of the Moore rationale to cases with markedly different facts than were in Moore.[3]
The instant case is one of these cases. Defendant has shown that the sentencing judge and the parties were under a specific misapprehension of law when the sentence was pronounced. During sentencing, the judge stated that, "[a]s part of the guilty plea agreement entered into by the [defendant], the Court indicated that it would not give a sentence in excess of life imprisonment on each count." (Emphasis added.)
The judge suffered from a fundamental misapprehension when he decided not to impose on defendant a sentence in excess of life. He thought he could have sentenced defendant to a period of years that would have exceeded the sentence of life in prison. He was incorrect. See People v. Timothy Moore, 432 Mich. 311, 317 n. 11, 439 N.W.2d 684 (1989).
Thus, defendant raises a valid argument that the judge's implicit misunderstanding about the Parole Board's ability to change the meaning of a life sentence resulted in the imposition of an invalid sentence. I would remand this case to the Court of Appeals for reconsideration of whether defendant is entitled to resentencing.
NOTES
[1] I concurred in the result only. Moore, supra at 582, 664 N.W.2d 700.
[2] See, generally, Prisons and Corrections Sections of the State Bar of Michigan, What Should "Parolable Life" Mean? Judges Respond to the Controversy (accessed November 30, 2004).
[3] In Moore, the sentencing judge "did not specifically express any intention that the defendant actually be paroled, merely that he be subject to parole consideration, as he was." Moore, supra at 579, 664 N.W.2d 700.