*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

STEVEN LOY LOCKWOOD,

        Defendant-Appellant.

UNPUBLISHED
April 21, 2022

No. 353011
Shiawassee Circuit Court
LC No. 2018-003095-FH

Before: RONAYNE KRAUSE, P.J., and MURRAY and O'BRIEN, JJ.

PER CURIAM.

Defendant pleaded guilty to tampering with an electronic monitoring device, MCL 771.3f, and the trial court sentenced him as a third-offense habitual offender, MCL 769.11, to serve 25 to 48 months in prison. Defendant appeals as on leave granted after remand from our Supreme Court, which had held the application in abeyance pending the resolution of *People v Allen*, 507 Mich 597; 968 NW2d 532 (2021). *People v Lockwood*, 954 NW2d 810 (2021). Defendant contends that he is entitled to jail credit despite his status as a parolee. We agree, so we vacate and remand.

## I. BACKGROUND

On June 23, 2008, defendant was sentenced to 51 to 180 months' imprisonment for an unrelated felony offense. He was paroled "to begin serving 24m term" on April 3, 2012. On October 29, 2013, defendant was returned to prison for committing another felony, and he was sentenced to 27 to 60 months' imprisonment. According to materials provided by defendant, he was paroled on March 9, 2017. On July 9, 2018, defendant began tampering with his electronic monitoring tether by wrapping part of it in aluminum foil ("tinfoiling") for the purpose of making unauthorized visits to his girlfriend. Doing so was a violation of his parole. On July 24, 2018, defendant was found hiding underneath his girlfriend's bed and arrested by defendant's parole agent and Michigan State Police (MSP) troopers. According to defendant's presentence investigation report (PSIR), the arresting agency was "MSP/MDOC." Defendant was, presumably, lodged in the Shiawassee County Jail.

-1-

According to materials provided by defendant, the Michigan Department of Corrections (the MDOC) charged defendant with violating his probation on July 27, 2018. On July 31, 2018, the MDOC determined that defendant had been "in violation of his CM[1] over a two week period" and decided to "Continue, Defer to Court, Residential ReEntry Program, Electronic Monitoring, Add Special Condition." Apparently, defendant was assigned to the Intensive Detention Reentry Program (IDRP). Defendant has provided a document purporting to be a parole detainer directed to the Clinton County Jail " '45-day max' 'Approved I.D.r.O.P [*sic*] Program,' " dated August 6, 2018. That document indicates that defendant had been arrested at the Shiawassee County Jail on an unspecified date. There is no direct evidence in the record of when defendant started the IDRP program or left the program, but defendant states that he began the program on August 6, 2018, and he was discharged from the program on September 5, 2018.

In the meantime, a felony warrant for tampering with an electronic monitoring device, with a habitual offender enhancement, was authorized on August 7, 2018. A felony complaint for the same was entered the same day. As noted, defendant was supposedly discharged from the IDRP program on September 5, 2018. On approximately the same day,[2] bond was set at $3,000, which defendant posted. A preliminary examination was held on October 2, 2018, at which time defendant's bond was increased to $50,000, and he was returned to jail. Other than a single day where he was released by mistake, defendant has been incarcerated since that time. Defendant pleaded guilty on May 30, 2019, and he was sentenced on July 12, 2019. The trial court refused to award defendant any credit for the time he spent in jail between his arrest and sentencing.

## II. STANDARD OF REVIEW

"Whether a defendant is entitled to credit for time served in jail before sentencing is a question of law that we review de novo." *People v Armisted*, 295 Mich App 32, 49; 811 NW2d 47 (2011). A trial court's factual determinations underlying a sentencing decision are generally reviewed for clear error. *People v Golba*, 273 Mich App 603, 613; 729 NW2d 916 (2007). Identification of the trial court's understanding of the law is a question of fact, and whether the trial court's understanding of the law was correct is reviewed de novo. *People v Moore*, 468 Mich 573, 579; 664 NW2d 700 (2003). Some of the documentary evidence provided by defendant in support of his position does not appear to be properly part of the lower court record, insofar as we can determine. However, we may, under limited circumstances, nevertheless consider materials not included in the lower court record. MCR 7.216(A)(4); *People v Nash*, 244 Mich App 93, 99-100; 625 NW2d 87 (2000). We exercise our discretion to consider all of the materials provided by defendant for the limited purpose of determining whether this matter should be remanded for an evidentiary hearing. See *People v Moore*, 493 Mich 933, 933; 825 NW2d 580 (2013).

## III. AVAILABILITY OF JAIL CREDIT

---

[1] We have not found any explanation of what the "CM" abbreviation means.

[2] There appear to be some discrepancies in various documents stating either September 4, September 5, or September 6, 2018.

The trial court declined to award defendant credit for any of the time he spent in jail between the date of his arrest and the date of his sentencing, holding that defendant was categorically "not entitled to credit against a sentence imposed for a crime committed while he was on parole." Our Supreme Court's opinion in *Allen* compels a different conclusion.

"Once a prisoner has served his minimum sentence, the Parole Board has jurisdiction over the prisoner and has discretion to grant parole." *People v Idziak*, 484 Mich 549, 564; 773 NW2d 616 (2009). "A paroled prisoner is not considered released; rather, the prisoner is simply permitted to leave the confinement of prison" and remains under the MDOC's legal custody and control. *People v Holder*, 483 Mich 168, 172-173; 767 NW2d 423 (2009). "[A] paroled prisoner is considered to be serving his sentence as long as he remains in compliance with the terms of his parole," and upon violation of those terms, the prisoner may be arrested and jailed. *Idziak*, 484 Mich at 564-565. Ordinarily, the parolee resumes serving his earlier term of imprisonment when arrested and detained in jail even though he has not yet been returned to the physical custody of the [MDOC]." *Id*. at 566.

Under MCL 769.11b,

> [w]henever any person is hereafter convicted of any crime within this state and has served any time in jail prior to sentencing because of being denied or unable to furnish bond for the offense of which he is convicted, the trial court in imposing sentence shall specifically grant credit against the sentence for such time served in jail prior to sentencing.

"Thus, the trial court must grant jail credit when a defendant is held in jail for the offense of which he or she is ultimately convicted if he or she is denied or unable to furnish bond for that offense," but "individuals who are detained in jail for some reason other than the denial of or inability to furnish bond are not entitled to jail credit." *Allen*, 507 Mich at 606. Our Supreme Court further explained that

> one such reason [to deny jail credit] is that the individual was a parolee who was arrested on a new charge that might also constitute a violation of his or her parole. In these circumstances, parole officials may issue a warrant for the return of a parolee to a state penal institution under MCL 791.238 or require that the parolee be arrested without a warrant or detained in any jail of the state or both under MCL 791.239. If the parole officials properly invoke one of these statutes, the individual is not being held because of a bond determination on the new charge but because the parole officials want him or her held to face the possible parole violation charges. [*Allen*, 507 Mich at 606.]

Put differently, "[e]ntitlement to jail credit thus ends when detention for the parole violation begins." *Id*. at 607.

Parole detainers can be issued under MCL 791.239, which provides:

> A probation officer, a parole officer, a peace officer of this state, or an employee of the department other than a probation or parole officer who is authorized by the director to arrest parole violators may arrest without a warrant

and detain in any jail of this state a paroled prisoner, if the probation officer, parole officer, peace officer, or authorized departmental employee has reasonable grounds to believe that the prisoner has violated parole or a warrant has been issued for his or her return under [MCL 791.238].

Our Supreme Court explained that

[u]nder this section, once the parole officials have issued an arrest warrant under MCL 791.238 for the parole violation or have reasonable grounds for suspecting a violation, the named officials can arrest the parolee or detain the paroled prisoner in jail or both. Under MCL 791.239, parole officials may seek detention of a parolee who has already been arrested on new charges . . . [*Allen*, 507 Mich at 607.]

Therefore, "in these circumstances the MDOC issues a parole detainer ordering the jail to detain parolees who are already in the jail." *Id*. at 608.

Another way for MDOC parole officials to have a parolee detained in jail is set out in MCL 791.238, which provides in relevant part:

(1) Each prisoner on parole shall remain in the legal custody and under the control of the department. The deputy director of the bureau of field services, upon a showing of probable violation of parole, may issue a warrant for the return of any paroled prisoner. Pending a hearing upon any charge of parole violation, the prisoner shall remain incarcerated.

(2) A prisoner violating the provisions of his or her parole and for whose return a warrant has been issued by the deputy director of the bureau of field services is treated as an escaped prisoner and is liable, when arrested, to serve out the unexpired portion of his or her maximum imprisonment. The time from the date of the declared violation to the date of the prisoner's availability for return to an institution shall not be counted as time served. The warrant of the deputy director of the bureau of field services is a sufficient warrant authorizing all officers named in the warrant to detain the paroled prisoner in any jail of the state until his or her return to the state penal institution.

This provision "creates a warrant-based process for arresting and detaining a parolee. It allows for arrests pursuant to a warrant, and it allows the warrant to serve as a detainer." *Allen*, 507 Mich at 611. An arrest warrant issued under MCL 791.238(2) is different from a "parole detainer issued under MCL 791.239." *Allen*, 507 Mich at 611. "In sum, parolees who are not arrested or detained under MCL 791.238 or arrested under MCL 791.239 who spend time in jail because of the denial of or inability to furnish bond are entitled to jail credit until the MDOC files a parole detainer under MCL 791.239." *Allen*, 507 Mich at 613.

As the above discussion makes clear, the trial court's understanding of the applicable law did not include *Allen* because it had not yet been decided. Although defendant was arrested for a parole violation, that fact alone does not preclude entitlement to jail credit for time spent incarcerated while awaiting sentencing. Rather, it is necessary to determine how much of

defendant's incarceration was pursuant to a parole detainer, and how much of defendant's incarceration was because of his inability to furnish bond.

## IV. ENTITLEMENT TO JAIL CREDIT

As noted above, defendant was arrested on July 24, 2018, and he was sentenced on July 12, 2019. The record indicates that he did not spend the entirety of the interim period incarcerated. As noted, he was released for a day by mistake, and a notice to appear issued September 4, 2018, suggests that it may have been personally served on defendant at his home. Furthermore, defendant was released on bond from September 5, 2018, to October 2, 2018. The lower court record does not contain any document purporting to be a parole detainer, it appears that defendant was arrested without a warrant, and a warrant for the charges in this matter was not filed until August 7, 2018. Defendant has provided, as an attachment to a brief, a copy of a document purporting to be a parole detainer dated August 6, 2018, and he states that he was released—having served his sanction for his parole violation—on September 5, 2018. Implicitly, none of the time defendant spent incarcerated after his release from the IDRP program was because of a parole detainer, but rather because of his inability to furnish bond. As discussed above, defendant would be entitled to jail credit for that time. However, we are not a proper forum for making findings of fact, and we decline to draw any conclusions on the basis of materials not admitted into the lower court record, other than a clear need to remand this matter for an evidentiary hearing.

Defendant's sentence is vacated, and the matter is remanded to the trial court to conduct an evidentiary hearing to determine how much of the time defendant spent incarcerated between his arrest on July 24, 2018, and his sentencing on July 12, 2019, was due to his inability to furnish bond. The trial court shall then resentence defendant, with an appropriate amount of jail credit, accordingly. Pursuant to our Supreme Court's remand order directing us to expedite our consideration of this case, we likewise direct the trial court to expedite the proceedings on remand. We retain jurisdiction.

/s/ Amy Ronayne Krause
/s/ Christopher M. Murray
/s/ Colleen A. O'Brien

# Court of Appeals, State of Michigan

## ORDER

People of MI v Steven Loy Lockwood

Docket No.    353011

LC No.        2018-003095-FH

Amy Ronayne Krause
Presiding Judge

Christopher M. Murray

Colleen A. O'Brien
Judges

Pursuant to the opinion issued concurrently with this order, this case is REMANDED for further proceedings consistent with the opinion of this Court.  We retain jurisdiction.

Proceedings on remand in this matter shall commence within 21 days of the Clerk's certification of this order, and they shall be given priority on remand until they are concluded. As stated in the accompanying opinion, the trial court is to conduct an evidentiary hearing to determine how much of the time defendant spent incarcerated between his arrest on July 24, 2018, and his sentencing on July 12, 2019, was due to his inability to furnish bond. The proceedings on remand are limited to this issue.

The parties shall promptly file with this Court a copy of all papers filed on remand.  Within seven days after entry, appellant shall file with this Court copies of all orders entered on remand.

The transcript of all proceedings on remand shall be prepared and filed within 21 days after completion of the proceedings.

_____
Presiding Judge

A true copy entered and certified by Jerome W. Zimmer Jr., Chief Clerk, on

April 21, 2022
Date

_____
Chief Clerk