*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# S T A T E   O F   M I C H I G A N

# C O U R T   O F   A P P E A L S

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellant,

UNPUBLISHED
July 25, 2024

v

No. 366072
Wayne Circuit Court
LC No. 07-020056-01-FC

COREY DESHAWN GASTON,

        Defendant-Appellee.

Before: JANSEN, P.J., and REDFORD and D. H. SAWYER*, JJ.

PER CURIAM.

The prosecution appeals by leave granted[1] the order granting defendant's motion to correct an invalid sentence. We reverse the trial court's order granting defendant's motion, vacate the second amended judgment of sentence, and remand for entry of a judgment of sentence imposing lifetime electronic monitoring (LEM).

## I. BACKGROUND

Defendant pleaded *nolo contendere* on December 6, 2021, to one count of first-degree criminal sexual conduct (CSC-I), MCL 750.520b(2)(b) (sexual contact with a victim under 13 years of age by someone 17 years of age or older); and one count of kidnapping-child enticement, MCL 750.350 (enticing away a child under 14 years of age with intent to conceal or detain them from parent) for conduct he committed on July 27, 2007. On January 31, 2022, the trial court sentenced defendant to concurrent terms of 25 to 50 years' imprisonment for each conviction.

---

[1] *People v Gaston*, unpublished order of the Court of Appeals, entered June 21, 2023 (Docket No. 366072). This appeal was submitted with another application for leave to appeal by defendant, which this Court denied. See *People v Gaston*, unpublished order of the Court of Appeals, entered April 6, 2023 (Docket No. 365614).

*Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

-1-

Defendant's sentence for CSC-I included lifetime registration as a sex offender under the Sex Offenders Registration Act (SORA), MCL 28.721 *et seq.*; however, his sentence did not include LEM as required under MCL 750.520n. Before defendant was sentenced, the trial court gave the parties time to research whether defendant's CSC-I conviction required LEM in 2007, when the incident occurred. Both parties erroneously concluded that defendant was not subject to LEM. The trial court relied on this misconception of law at sentencing.

Twenty-two days later on February 22, 2022, the trial court sua sponte amended the judgment of sentence to include LEM as required under MCL 750.520n without providing the parties an opportunity to be heard on the matter. On December 6, 2022, defendant motioned to remove LEM from the first amended judgment of sentence. After holding a hearing on the motion, the trial court granted defendant's motion to amend the judgment of sentence a second time to remove LEM, effectively reinstating the original judgment of sentence.

This appeal followed.

## II. STANDARD OF REVIEW

Whether a trial court has authority to amend a sentence is an issue of law, relying on interpretation of court rules and statutes, which we review de novo. See *People v Comer*, 500 Mich 278, 287; 901 NW2d 553 (2017), superseded by rule as stated in *People v Nunez*, 342 Mich App 322, 329 n 5; 994 NW2d 824 (2022). We also review constitutional issues de novo. *People v Wiley*, 324 Mich App 130, 164; 919 NW2d 802 (2018). However, we review sentencing issues, and specifically, a trial court's decision to grant a motion to correct an invalid sentence, for an abuse of discretion. *People v Sabin*, 242 Mich App 656, 660; 620 NW2d 19 (2000). "A trial court abuses its discretion when it selects an outcome outside the range of reasonable and principled outcomes." *People v Uphaus*, 278 Mich App 174, 181; 748 NW2d 899 (2008). "A trial court necessarily abuses its discretion when it makes an error of law." *People v Franklin*, 500 Mich 92, 100; 894 NW2d 561 (2017) (quotation marks and citation omitted).

## III. ANALYSIS

The prosecution argues that the second amended judgment of sentence must be vacated because it contains an invalid sentence for not including LEM, and because the trial court rightfully corrected defendant's original sentence sua sponte within six months under MCR 6.429(A). We conclude that the trial court abused its discretion in entering an invalid original judgment of sentence, and that its sua sponte correction of the judgment of sentence on February 22, 2022, was harmless error. We conclude that the second amended judgment of sentence removing LEM must be vacated, that the trial court's order granting defendant's motion to correct an invalid sentence must be reversed, and that remand is necessary for the trial court to reinstate the first amended judgment of sentence entered February 22, 2022.

### A. DEFENDANT IS SUBJECT TO ELECTRONIC MONITORING

As a preliminary matter, defendant was subject to mandatory LEM as an additional punishment for his CSC-1 conviction. *Comer*, 500 Mich at 289. Defendant was convicted of CSC-1 under MCL 750.520b(2)(b) for CSC committed by an individual 17 years old or older against an individual less than 13 years old. MCL 750.520b(2)(d) provides: "In addition to any

other penalty imposed under subdivision (a) or (b), the court shall sentence the defendant to lifetime electronic monitoring under section 520n."[2]  Likewise, MCL 750.520n(1) provides: "A person convicted under section 520b or 520c for criminal sexual conduct committed by an individual 17 years old or older against an individual less than 13 years of age shall be sentenced to lifetime electronic monitoring . . . ."  The use of the term "shall" in these statutes designates a mandatory course of conduct on the sentencing court.  *People v Lockridge*, 498 Mich 358, 387; 870 NW2d 502 (2015) (" '[S]hall' indicates a *mandatory* directive.").  Defendant committed this offense on July 27, 2007.  MCL 750.520n was effective August 28, 2006.  2006 PA 171.  Accordingly, he was subject to LEM.

"A sentence is invalid when it is beyond statutory limits, when it is based upon constitutionally impermissible grounds, improper assumptions of guilt, a misconception of law, or when it conforms to local sentencing policy rather than individualized facts."  *People v Miles*, 454 Mich 90, 96; 559 NW2d 299 (1997).  The trial court originally sentenced defendant without LEM after both the defense and prosecution erroneously agreed that defendant was not subject to LEM.  This sentence was invalid because the trial court operated under a misconception of law that LEM was inapplicable to defendant in contravention of the mandatory statutory language in MCL 750.520n.  Consequently, the trial court committed an error of law and entered an invalid sentence.

## B. SUA SPONTE CORRECTION OF AN INVALID SENTENCE

Having determined that defendant's sentence for CSC-I was invalid, we must next address whether the trial court was authorized to reinstate the original judgment of sentence without LEM after defendant motioned to remove LEM from the first amended judgment of sentence.  On appeal, the prosecution argues that the trial court correctly added LEM in the first amended judgment of sentence and acted without authority when it later removed LEM.  In response, defendant argues that this Court should affirm the second judgment of sentence because *Comer*, 500 Mich 278, is controlling in this case and the subsequent amendment to MCR 6.429(A) does not bear on the outcome.

In *Comer*, the trial court sua sponte corrected a defendant's judgment of sentence to include LEM after the Michigan Department of Corrections notified the trial court that the defendant's sentence should have included LEM.  *Comer*, 500 Mich at 284.  The defendant was not given an opportunity to address the matter and was not previously informed that his sentence should include LEM.  *Id*.  Our Supreme Court held that the trial court erred by adding LEM to the defendant's sentence on its own initiative.  *Id*. at 300.  The Court considered MCR 6.435 and a previous version of MCR 6.429 to reach this decision.  MCR 6.435 provides the general procedure regarding a court's ability to correct mistakes in judgments and orders.  The procedure differs depending on whether the mistake was clerical or substantive:

> (A) Clerical Mistakes.  Clerical mistakes in judgments, orders, or other parts of the record and errors arising from oversight or omission may be corrected by the

---

[2] The exception to the imposition of LEM for individuals sentenced to life in prison without the possibility of parole in MCL 750.520b(2)(c) is inapplicable to this case.  See *Comer*, 500 Mich at 289 n 28.

court at any time on its own initiative or on motion of a party, and after notice if the court orders it.

> (B) Substantive Mistakes.  After giving the parties an opportunity to be heard, and provided it has not yet entered judgment in the case, the court may reconsider and modify, correct, or rescind any order it concludes was erroneous. [MCR 6.435(A)-(B).]

According to the 1989 Staff Comment to MCR 6.435, a clerical mistake is "an inadvertent error or omission in the record, or in an order of judgment."[3]  Whereas, a substantive mistake "pertains to mistakes relating not to the accuracy of the record, but rather, to the correctness of the conclusions and decisions reflected in the record."  MCR 6.435, 1989 Staff Comment.

The *Comer* Court concluded that the failure to include LEM in the defendant's judgment of sentence was substantive because "the original sentencing judge said nothing about lifetime electronic monitoring at the initial sentencing."  *Comer*, 500 Mich at 293.  After concluding that the mistake was substantive, the Court explained that the trial "court's ability to correct substantive mistakes under MCR 6.435(B) ends upon entry of the judgment."  *Id*. at 294.  Consequently, the trial court did not have authority under MCR 6.435(B) to amend the judgment of sentence.  *Id*.

The *Comer* Court next considered MCR 6.429(A), which specifically addressed the correction and appeal of sentences imposed in criminal cases.  At the time *Comer* was decided, the statute provided in pertinent part:

> (A) Authority to Modify Sentence.  A motion to correct an invalid sentence may be filed by either party.  The court may correct an invalid sentence, but the court may not modify a valid sentence after it has been imposed except as provided by law. [*Id*. at 294, quoting MCR 6.429(A), as amended July 13, 2005, 473 Mich lxx (2005).]

The *Comer* Court held that MCR 6.429(A) permitted parties to seek the correction of an invalid sentence but did not authorize a sentencing court to sua sponte correct an invalid sentence.  *Comer*, 500 Mich at 297.  After *Comer*, our Supreme Court amended MCR 6.429(A).  501 Mich cclii (2018).  MCR 6.429(A) now provides:

> (A) Authority to Modify Sentence.  The court may correct an invalid sentence, on its own initiative after giving the parties an opportunity to be heard, or on motion by either party.  But the court may not modify a valid sentence after it has been imposed except as provided by law.  Any correction of an invalid sentence on the court's own initiative must occur within 6 months of the entry of the judgment of conviction and sentence.

---

[3] "[S]taff comments to the court rules are not binding authority, but they can be persuasive in understanding the proper scope or interpretation of a rule or its terms."  *Comer*, 500 Mich at 298 n 48.

Motivated by the outcome in *Comer*, the Michigan Supreme Court amended MCR 6.429(A) "to permit trial courts to sua sponte amend an invalid judgment of sentence, but only within six months of its entry." *Nunez*, 342 Mich App at 329 n 5; see also Staff Comment to September 1, 2018 amendment of MCR 6.429. MCR 6.429(A) also states a trial court's sua sponte amendment made within six months of entry can only be made "after giving the parties an opportunity to be heard, or on motion by either party."

After the amendment to MCR 6.429(A), this Court decided *People v Pendergrass*, ___ Mich App ___, ___; ___ NW2d ___ (2023) (Docket No. 362218).[4] In that case, the trial court corrected an invalid judgment of sentence to include LEM within the six-month period under MCR 6.429(A); however, the parties were not given an opportunity to be heard before the sentence was corrected. *Id*. at ___; slip op at 2. The defendant motioned to correct the purported invalid sentence exactly six months after entry of the original judgment of sentence. *Id*. at ___; slip op at 4.

Regardless of the violation of MCR 6.429(A), this Court held that the defendant was not entitled to reversal to remove LEM from the amended judgment of sentence:

> [W]e hold that the trial court's error was harmless and that no prejudice was incurred because had the court given the parties, and particularly defendant, a timely opportunity to be heard, there is nothing defendant could have argued to avoid the mandatory LEM. In fact, defendant concedes that he was subject to LEM. See MCR 2.613(A) ("An error in . . . a ruling or order, or an error or defect in anything done or omitted by the court . . . is not ground for . . . vacating, modifying, or otherwise disturbing a judgment or order, unless refusal to take this action appears to the court inconsistent with substantial justice."); MCR 6.001(D) (the rules of civil procedure generally apply to criminal cases); MCL 769.26 ("No judgment or verdict shall be set aside or reversed . . . by any court of this state in any criminal case . . . for error as to any matter of pleading or procedure, unless in the opinion of the court, after an examination of the entire cause, it shall affirmatively appear that the error complained of has resulted in a miscarriage of justice."); *People v Elston*, 462 Mich 751, 765-766; 614 NW2d 595 (2000) (applying harmless-error review to a court-rule violation that constitutes nonconstitutional error). Requiring defendant to submit to LEM as the Legislature mandated for defendant's CSC crimes does not amount to a miscarriage of justice and is not inconsistent with substantial justice. Finally, there is no need for a resentencing. [*Pendergrass*, ___ Mich App at ___; slip op at 4.]

We first note that the trial court's failure to include LEM in the original judgment of sentence was a substantive mistake. The omission was substantive, and not clerical, because it

---

[4] The prosecution requests that this Court rely on the unpublished case *People v Dickerson*, unpublished per curiam opinion of the Court of Appeals, issued May 27, 2021 (Docket No. 352656) for resolution of this issue. Noting that the prosecution filed its appellate brief before *Pendergrass* was published, we decline to address *Dickerson*. Instead we are bound by this Court's recent decision in *Pendergrass*. MCR 7.215(C)(2).

was rooted in the trial court's mistake of law. See MCR 6.435, 1989 Staff Comment. Consequently, the trial court's ability to correct the substantive mistake under MCR 6.435(B) ended upon entry of the judgment. *Comer*, 500 Mich at 294. We next turn to MCR 6.429(A).

In this case, the trial court corrected the invalid original judgment of sentence 22 days after it was entered, well within the six-month timeframe set out in MCR 6.429(A). However, the trial court did not provide the parties an opportunity to be heard on the matter before it corrected the judgment of sentence in violation of MCR 6.429(A). Consequently, the trial court acted in violation of MCR 6.429(A) when it amended the original judgment of sentence to add LEM. Like *Pendergrass*, defendant waited until after the six-month period to challenge the first amended judgment of sentence on December 6, 2022, making it impossible for the trial court to correct its error. The first amended judgment of sentence was entered only 22 days after the original judgment of sentence. Defendant was represented by counsel during the six-month timeframe after entry of the original judgment of sentence.

Unlike *Pendergrass*, the trial court granted defendant's motion to correct an invalid sentence and reinstated the original judgment of sentence. The trial court granted defendant's motion without explanation after a hearing. The trial court abused its discretion by granting defendant's motion and reinstating the invalid original judgment of sentence. Entry of the first amended judgment of sentence in violation of MCR 6.429(A) was harmless error which did not require amendment. See MCR 2.613(A). Requiring defendant to submit to LEM as statutorily mandated was not inconsistent with substantial justice. Had the parties been given an opportunity to be heard before entry of the first amended judgment of sentence, there was nothing defendant could argue to avoid mandatory LEM. *Pendergrass*, ___ Mich App at ___; slip op at 4.[5] Moreover, "[a] trial judge has the authority to resentence a defendant only when the previously imposed sentence is invalid." *People v Moore*, 468 Mich 573, 579; 664 NW2d 700 (2003); see also MCR 6.429(A). The first amended judgment of sentence was not invalid. The trial court abused its discretion when it reinstated an invalid sentence. See *Franklin*, 500 Mich at 100.

## IV. CONCLUSION

Because the trial court erred, we vacate the second amended judgment of sentence and reverse the trial court's order granting defendant's motion to correct an invalid sentence. We

---

[5] Without much elaboration, defendant also argues that the trial court's violation of MCR 6.429(A) violated his procedural due-process rights. Indeed, due process generally requires notice and an opportunity to be heard before a court imposes a sentence. See *People v Thomas*, 223 Mich App 9, 16; 566 NW2d 13 (1997). However, preserved, nonstructural constitutional error is subject to harmless error analysis. *People v Cornell*, 466 Mich 335, 363 n 16; 646 NW2d 127 (2002) ("If a case involves nonstructural, preserved constitutional error, an appellate court should reverse unless the prosecution can show that the error was harmless beyond a reasonable doubt."). As already noted, had defendant been given an opportunity to be heard on the matter before entry of the first amended judgment of sentence, there was nothing that defendant could argue to avoid imposition of LEM.

remand for reinstatement of the first amended judgment of sentence entered February 22, 2022, which included imposition of LEM. We do not retain jurisdiction.

/s/ Kathleen Jansen
/s/ James Robert Redford
/s/ David H. Sawyer